### 12131.   HIGGS *v.* THE STATE.

An objection to the admission of evidence, " on the ground that it is not the proper subject-matter of investigation," is too general and indefinite to be considered.

(*a*) The further objection, that " it is not responsive to the question," even if good, did not, under the facts of the case, extend to and apply to evidence subsequently elicited from the same witness by another question, the objection not having been renewed.

DECIDED APRIL 13, 1921.   REHEARING DENIED MAY 11, 1921.

Conviction of manslaughter; from Ware superior court — Judge Summerall. January 14, 1921.

*Wilson & Bennett,* for plaintiff in error.

*A. B. Spence, solicitor-general,* contra.

BROYLES, C. J.   The defendant was charged with murder and was convicted of voluntary manslaughter. Counsel for the plaintiff in error, in their brief and in their oral argument before this court, admitted that the verdict was authorized by the evidence, and they also expressly abandoned every special assignment of error save that embraced in the 3d ground of the amendment to the motion for a new trial. That ground is as follows: " Because the

court erred in admitting, over the objection of defendant's counsel, the testimony of the witness C. W. Williams as to the good character of the deceased, the witness, over said objection, being allowed to testify as follows: ' I knew Mr. Dave Davis in his life; I knew his character and reputation for violence and peaceableness; as to whether he was a peaceable man or a violent man, why he has always been considered a good boy; I have never known him to be fussing, rowing, of fighting in my life, and I have known him from a baby.' At the time this evidence was offered by the State, defendant's counsel objected to the admission of the evidence, upon the ground 'that it is not the proper subject-matter of investigation, and is not responsive to the question.' This testimony was objected to at the time it was offered by the State, upon said grounds, which objection was then and there urged by defendant's counsel. The court failed to exclude this evidence from the consideration of the jury, and permitted the same to go to the jury. In order that the court may understand just what took place on the trial with reference to the admission of this evidence, the testimony of Mr. Williams on this subject is quoted verbatim, question and answer, together with the objection made by Mr. W. W. Bennett, counsel for the defendant, as follows, to wit: Q. Did you know Dave Davis in life? A. Yes, sir. Q. Son of Mr. Sin Davis here? A. Yes, sir. Q. How long had you known him? A. I have known him from a child off and on all his life. Q. Did you know his character and reputation for violence and peaceableness? A. Yes, sir. Q. State what it was, whether he was peaceable man or a violent man? A. Why, he has always been considered a good boy. —Mr. W. W. Bennett: We object to that upon the ground that it is not the proper subject-matter of investigation, and it is not responsive to the question. Q. Just state as to peaceableness or violence, Mr. Williams. A. I have never known him to be fussing or rowing or fighting in my life, and I have known him from a baby." The ground then sets forth the alleged reasons why the admission of the evidence was error, but it does not allege that any of these reasons were urged upon the trial court at the time the evidence was offered. On the contrary, it clearly appears from this ground that the only objection then made was that the evidence " is not the proper subject-matter of investigation, and is not responsive to the question." Furthermore, it does not appear from the ground

that counsel objected to the preceding question and answer, to wit: " Q. Did you know his [the deceased's] character and reputation for violence and peaceableness?" " A. Yes, sir." The next question propounded to the witness was " State what it was, whether he was a peaceable man or a violent man?" And the answer of the witness was, " Why, he has always been considered a good boy." Then for the first time the defendant's counsel interposed an objection, and the objection was as stated above. The first part of this objection, to wit, " that it is not the proper subject-matter of investigation," was too general and indefinite to be considered. See, in this connection, *Richardson* v. *State*, 141 *Ga.* 782(2) (82 S. E. 134), and *McDonald* v. *State*, 21 *Ga. App.* 125(6) (94 S. E. 262). It does not appear that the judge made any ruling upon the objection, although it does appear that the evidence was admitted. It appears, moreover, that the solicitor-general took notice of the objection that the answer of the witness was not responsive to the question, and endeavored to meet it by instructing the witness, in effect, just to answer the question. The witness then stated, " I have never known him [the deceased] to be fussing or rowing or fighting in my life, and I have known him from a baby." The ground of the motion (construed in the light of the entire ground) does not show that any objection was interposed to this answer. If counsel for the defendant intended for his objection to preceding evidence to apply also to this evidence he should have so stated, so that the court and opposing counsel would have been put upon notice. See, in this connection, *Hunnicutt* v. *Georgia Ry. &c. Co.*, 26 *Ga. App.* 407 (106 S. E. 296).

It follows, from what has been said, that the ground of the amendment to the motion for a new trial insisted upon by counsel for the plaintiff in error is without merit, and that the court did not err in overruling it.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*