## 37605. McDUFFIE v. JONES.

PER CURIAM.

Michael Stanley McDuffie was convicted of burglarizing the Habersham Medical Center and received a fifteen-year sentence. He withdrew his motion for a new trial and did not seek appellate review of his conviction. We granted McDuffie's application to appeal the denial of his petition for a writ of habeas corpus in which he asserts that: (1) He was denied his right to make the closing argument to the jury; (2) the trial court erroneously considered an undisclosed probation report as an aggravating circumstance in determining the length of the sentence to be imposed; and (3) he received ineffective assistance of counsel.

1. Because there was no appeal in this case, it gives us the occasion to examine the scope of our habeas corpus act. Code Ann. § 50-127 (1) (Ga. L. 1967, p. 835; 1975, p. 1143) provides that: "Any person imprisoned by virtue of a sentence imposed by a State court of record who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of the State of Georgia or the laws of the State of Georgia may institute a proceeding under this section." Thus, not only can a substantial denial of a federal or state constitutional right be raised on habeas corpus, but a substantial denial of rights under the laws of this state can also be raised pursuant to our habeas corpus act.

However, Code Ann. § 50-127 (1) goes on to provide that: "Except for objections relating to the composition of a grand or traverse jury, rights conferred or secured by the Constitution of the

United States shall not be deemed to have been waived unless it is shown that there was an intentional relinquishment or abandonment of a known right or privilege which relinquishment or abandonment was participated in by the party and was done voluntarily, knowingly, and intelligently." The act prescribes the waiver standard as to U. S. constitutional rights but does not prescribe the waiver standard as to rights under the constitution or laws of this state.[1] Because the constitutional rights of persons accused and convicted of crimes, if not identical, are substantially the same under both the state and federal constitutions, the waiver standard as to state constitutional rights would be controlled in most instances by the statutory waiver standard for federal constitutional rights (and we will not deal here with the waiver standard for state constitutional rights, if any, which may be in addition to federal constitutional rights). The waiver standard as to rights under the laws of this state is certainly no more stringent than the statutory standard for constitutional rights and in many instances may be less stringent.

The foregoing demonstrates that in each habeas corpus case, the threshold inquiry should be to ascertain whether the right asserted arises under the federal constitution, the state constitution, or state law. The next step in habeas corpus would be to see if waiver, under the corresponding standard, has occurred.[2] In the absence of waiver, the third step would be to determine if the habeas petitioner's rights were violated. If so, the final step would be to determine whether the

---

[1] Our statutory federal waiver standard was taken from Fay v. Noia, 372 U. S. 391, 439 (83 SC 822, 9 LE2d 837) (1963). See Stewart v. Ricketts, 451 FSupp. 911, 915 (M.D. Ga. 1978). However, the waiver standard of Fay v. Noia was declared to be dicta and was rejected in Wainwright v. Sykes, 433 U. S. 72, 87-88 (97 SC 2497, 53 LE2d 594) (1976), in favor of the "cause and prejudice" test of Francis v. Henderson, 425 U. S. 536 (96 SC 1708, 48 LE2d 149) (1976). See also Stone v. Powell, 428 U. S. 465 (96 SC 3037, 49 LE2d 1067) (1976) (regarding search and seizure claims). "Thus it can be concluded that as a consequence of the Burger Court's attenuation of the federal Great Writ and the disparity between federal and Georgia procedural standards of waiver, Georgia habeas relief is now broader than necessary if the sole purpose of the 1967 Act is to eliminate needless friction between the federal and Georgia courts." Wilkes, Postconviction Habeas Corpus Relief in Georgia: A Decade After the Habeas Corpus Act, 12 Ga. L. Rev. 249, 270 (1978).

A different waiver standard is specified by the act for objections to grand and traverse jury composition but jury composition is not involved here. See Patterson v. Balkcom, 245 Ga. 563 (266 SE2d 179) (1980).

[2] Waiver should be considered the second step in habeas corpus cases for the following reason: Where the state courts entertain federal constitutional claims on the merits (rather than declining to consider the merits because of the defendant's failure to raise the federal constitutional claim in a timely fashion and in accordance with state procedure), a federal habeas corpus court must also determine the merits of the claim. Lefkowitz v. Newsome, 420 U. S. 283, 291-292, fn. 9 (95 SC 886, 43 LE2d

error was harmless under the appropriate standard.[3] We will examine each of petitioner's claims using this four step analysis.

2. The defendant was tried jointly with co-defendant Karl Varnes. Varnes presented no evidence at trial. This defendant testified in his own behalf, denying his involvement in the burglary, but introduced no other evidence. Over objection, the trial court ruled that although both Varnes and this defendant could open the arguments to the jury prior to the state's argument, only Varnes could make the closing argument after the state's argument. Defendant argues that this ruling is in conflict with the provisions of Code Ann. § 27-2201 and therefore constitutes reversible error.[4]

Therefore we deal with an alleged violation of defendant's rights under state law as opposed to a constitutional right. Defendant made timely and proper objection at trial to the denial of his right to make a closing argument and hence there was no waiver by failure to object at trial. (We do not here decide whether defendant waived the right to raise this issue on habeas corpus by failing to appeal because defendant complains that he was confused by the trial court's advice as to his rights to seek sentence review, a matter which we do not reach on this appeal because we proceed to the merits of his claim.) Thus, we next consider whether defendant's statutory right to make a closing argument was violated.

Generally, if the defendant in a criminal case introduces no evidence at trial, he is entitled to present arguments to the jury both before and after the state makes its argument. Code Ann. § 27-2201. This right is not forfeited when the defendant testifies in his own behalf, provided he introduces no other evidence. Code Ann. § 38-415.

However, the right of a defendant introducing no evidence at trial to open and close the final argument is not absolute. If one defendant offers evidence in the trial of co-defendants, the right to

---

196) (1975). That is to say, a federal habeas court cannot apply a state timely objection rule where the state court itself has not done so. See Ratcliff v. Estelle, 597 F2d 474, 477 (5th Cir. 1979), cert. den. 444 U. S. 868 (1979), and cases cited. Ratcliff is interesting because there the state court denied relief on the basis of state procedural law and also on the merits, and the federal court declined to reach the federal claim (597 F2d at 478).

[3] Harmless beyond a reasonable doubt as to constitutional error, Chapman v. California, 386 U. S. 18, 24 (87 SC 824, 17 LE2d 705) (1967), and highly probable that the error did not contribute to the judgement as to nonconstitutional error, *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869) (1976).

[4] Although McDuffie appears here as the petitioner in this habeas corpus case, he is identified herein as the defendant as he was in the trial court (the convicting court, as opposed to the habeas court).

make the closing argument is lost to all defendants, even those introducing no evidence, for the reason stated in *Lackey v. State,* 246 Ga. 331 (10) (271 SE2d 478) (1980). Further, the right is waived by failure to make a timely objection at trial. *Scott v. State,* 243 Ga. 233, 234 (253 SE2d 698) (1979); *Garrett v. State,* 21 Ga. App. 801 (7) (95 SE 301) (1918).

The trial court in this case held that the portion of Code Ann. § 27-2202 which reads "in no case shall more than one counsel be heard in conclusion" provides that only one attorney can make the closing argument and hence precludes separately represented but jointly tried defendants introducing no evidence from both making closing arguments. Construing Code Ann. §§ 27-2201 and 27-2202 together, the trial court ruled that even though neither defendant had introduced evidence such as would bar their right to open and close arguments, under § 27-2202 only one defendant was entitled to make the closing argument. Between the two defendants, the trial court reasoned that Varnes should make the closing argument because he had introduced nothing in defense while this defendant had testified in his own behalf. The habeas court agreed with the trial court's interpretation of the statutes and found no error in its ruling.

Until 1971 jointly indicted defendants in felony cases had an absolute right to request severance and receive separate trials. See Code of 1933, § 27-2101, prior to Ga. L. 1971, p. 891-92. Code Ann. § 27-2202 was enacted forty-seven years before this 1971 change in the law. Ga. L. 1924, p. 75. Further, Code Ann. § 27-2202 begins by saying: "Not more than two counsel shall be permitted to argue any cause for each side, except by express leave of court. . . . " This limitation would be inapplicable where three or more defendants represented by different attorneys are tried jointly. Therefore we find that § 27-2202 was not intended to act as a limitation on the rights of separately represented, jointly tried defendants. Instead, we find that the final portion of § 27-2202 is a limitation on the number of attorneys who may present closing arguments on behalf of any *one* defendant tried jointly. Thus, the trial court erred in denying this defendant the right to make a closing argument following the state's argument simply because he was jointly indicted and tried. Accord, *Thornton v. State,* 157 Ga. App. 75, 77 (276 SE2d 125) (1981).

The question remains, however, whether the error was harmless. The right to make the final argument to the jury is an important right and harm to the defendant is presumed on appeal when the right is erroneously denied. *Seyden v. State,* 78 Ga. 105 (4) (1886). However, the presumption is not absolute and the error may be shown to be harmless.

The evidence in this case disclosed that three men broke into a locked office in the Habersham County Medical Center and removed a safe. They carried the safe into the medical center's parking lot where they loaded it into the back of an automobile. The automobile was later identified as belonging to this defendant's wife. An off-duty deputy sheriff, alerted to the crime by medical center employees, approached the men as they were loading the safe into the automobile. He immediately recognized this defendant and Varnes from previous encounters and, as he attempted to apprehend them, called Varnes by name. At the trial, the deputy positively identified this defendant and Varnes as two of the men he observed loading the safe into the automobile.

Breaking away from the deputy, the three men escaped into some nearby woods. Dogs were brought in and they tracked the fleeing men through heavy underbrush and briars for most of the night. When this defendant turned himself in to the sheriff the following day, his legs were covered with scratches of the type normally inflicted by briars. During his testimony the defendant denied participating in the burglary. He explained the scratches on his legs by saying that he and his wife had visited his mother and stepfather and he had helped his stepfather catch some hogs which had gotten loose.

This defendant was not denied the right to argue his case to the jury and in fact did so. He was merely prohibited from making the closing argument. The co-defendant who had the closing argument was also found guilty by the jury. In view of the evidence against the defendants, it is highly probable, if not a certainty, that the error did not contribute to the conviction. *Johnson v. State,* supra. Thus, a new trial is not required by the trial court's harmless error.

3. Defendant argues that at the presentence hearing the trial judge erred in considering the contents of a probation report in determining the length of the sentence to be imposed, when the defendant had not been notified prior to trial that the probation report would be used in aggravation. The probation report disclosed that defendant had entered a plea of nolo contendere to a burglary charge in Mississippi and was currently on probation from that offense.[5]

Code Ann. § 27-2503 (a) requires that a presentence hearing be held in all felony cases and authorizes the sentencing judge, except where the death penalty may be imposed, to consider as evidence in

---

[5] We do not approve the practice of proving prior convictions by means of probation reports. See Code §§ 38-203, 38-623.

aggravation the defendant's prior criminal convictions, including pleas of nolo contendere. However, § 27-2503 (a) also provides that "only such evidence in aggravation as the State has made known to the defendant prior to his trial shall be admissible." It is undisputed in this case that defendant was not informed prior to trial that the probation report would be tendered in aggravation. Therefore we deal here with an alleged violation of defendant's rights under state law. Further, so far as we have been able to ascertain, this state law is not constitutionally mandated. Defendant argues that Code § 27-2503 (a) is constitutionally mandated; he relies upon Gardner v. Florida, 430 U. S. 349 (97 SC 1197, 51 LE2d 393) (1977). Gardner was a death penalty case in which the sentencing judge considered a presentence investigation report, portions of which were not disclosed to the defendant or to the appellate court. In the case before us, the report, or at least that portion relied upon by the sentencing judge, was disclosed to the defendant and he could have denied or explained it. Code § 27-2503 (a) relates to the time of disclosure; Gardner dealt with nondisclosure and is inapposite here.

The sentencing transcript reads as follows: "The Court: Does the State have anything in aggravation?"

"[Assistant District Attorney]: Nothing other than the Probation Report Your Honor." ...

"The Court: Well gentlemen I don't like to give heavy sentences but when somebody comes before the Court that it's perfectly obvious that they are professionals in their criminal activities then we treat them just like professional criminals. Everything about this case would indicate professionalism . . . and in view of the fact that you've already had a record of burglary in the State of Mississippi I don't see that there's anything in your background of either one of you from what I saw in your probation report that would indicate that you intend to do anything but just continue in the way that you're going. The sentence of this court is Mr. McDuffie that you serve 15 years in the State Penitentiary."

Although use of a previously undisclosed probation report to aid the trial judge in determining *whether* to suspend or probate a sentence does not invalidate the sentence which is imposed, *Munsford v. State,* 235 Ga. 38, 45-46 (218 SE2d 792) (1975); Code Ann. §§ 27-2709, 27-2710; it cannot be used in *fixing* the length of the sentence. *Munsford v. State,* supra, 235 Ga. at 45. Hence, a probation report cannot be offered in aggravation of sentence, as was done here, regardless of whether it lists prior offenses. See *Mills v. State,* 244 Ga. 186, 187 (259 SE2d 445) (1979).

The habeas court in this case found that the trial judge considered defendant's prior burglary record as contained in the

probation report in fixing the sentence at fifteen years but the habeas court declined to grant habeas corpus relief because defendant's trial counsel made no objection to the tender of the probation report and the error did not rise to "constitutional dimension." The evidence here clearly supports the habeas court's finding that the previously undisclosed probation report was used as an aggravating circumstance in fixing the length of defendant's sentence. As noted above, this was error under Code Ann. § 27-2503 (a). *Munsford v. State,* supra, 235 Ga. at p. 45. We next consider whether this improper use of the probation report is cognizable in a habeas corpus proceeding and whether defendant's failure to object to its use constitutes waiver.

The state argues that even if the previously undisclosed probation report was erroneously considered in sentencing the defendant, the error does not rise to "constitutional dimension" so as to be reviewable in a habeas corpus proceeding. As noted in division 1 of this opinion, our habeas corpus act permits the raising of the denial of rights under the laws of this state in addition to the raising of constitutional rights. The denial of the defendant's right under Code Ann. § 27-2503 (a) to be informed prior to trial that aggravating evidence would be introduced at the sentencing phase of the trial is a denial of his rights under the laws of this state, albeit not a violation of his constitutional rights, and is therefore cognizable in a habeas corpus proceeding according to the habeas corpus statute.

However, we agree with the habeas court that the defendant's failure to object at the presentencing hearing to consideration of the probation report constitutes a waiver of his right under § 27-2503 to have the report excluded from consideration in fixing his sentence. *McKisic v. State,* 238 Ga. 644 (5) (234 SE2d 908) (1977); *Strozier v. State,* 231 Ga. 140 (2) (200 SE2d 762) (1973); *Bradshaw v. State,* 145 Ga. App. 664 (1) (244 SE2d 600) (1978); *Adams v. State,* 142 Ga. App. 252, 255 (235 SE2d 667) (1977).

4. The defendant enumerates seven allegedly prejudicial acts or omissions by his appointed trial counsel in the preparation and presentation of his defense in support of his claim that he received ineffective assistance of counsel. This presents a claim under the defendant's federal constitutional right to counsel, Amendment VI, generally cognizable on habeas corpus and most often not waived by the defendant personally. It also affords a defendant a means of raising the denial of a right under state law waived by his counsel (see division 3) under the claim of ineffective assistance of counsel.

After evaluating all of the evidence, including testimony from defendant's trial counsel which contradicted several of the defendant's assertions, the habeas court concluded that the

defendant had received effective representation. We reach the same conclusion.

Six of the acts and omissions defendant complains of were either refuted by the evidence at the habeas corpus proceeding or pertain to matters of strategy and trial tactics which cannot now be questioned. See *Jones v. State,* 243 Ga. 820, 830 (256 SE2d 907) (1979), cert. den. 444 U. S. 957 (1979). As to trial counsel's failure to object when the probation report was offered in aggravation, this error alone does not constitute ineffective assistance of counsel. The right of effective counsel does not mean that an accused is entitled to errorless counsel or counsel judged ineffective by hindsight but to counsel rendering reasonably effective assistance. *Jones v. State,* supra, 243 Ga. at 830; *Hawes v. State,* 240 Ga. 327, 329 (240 SE2d 833) (1977); *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515) (1974). The evidence in this case supports the finding of the habeas corpus court that the defendant received reasonably effective representation and therefore that finding will not be disturbed.

*Judgment affirmed. All the Justices concur, except Gregory, J., who concurs in the judgment only and Hill, P. J., Smith and Weltner, JJ., who dissent.*

DECIDED NOVEMBER 5, 1981 — REHEARING DENIED NOVEMBER 25, 1981.

*Stanley R. Lawson,* for appellant.

*Arthur K. Bolton, Attorney General, Nicholas G. Dumich, Assistant Attorney General,* for appellee.

JORDAN, Chief Justice, concurring.

The majority opinion points up a serious defect in our Habeas Corpus statute. An applicant for the Writ of Habeas Corpus should be required to allege violation of the Federal and or State Constitution. A simple violation of a state statute should not be relitigated in a habeas proceeding, as set forth and treated in Divisions 2 and 3 of the opinion.

The General Assembly should take steps to amend our Habeas Corpus statute so that it allows relief only for a substantial denial of a Federal or State constitutional right.

The statute should also be amended to eliminate the waiver requirements of the statute, which as written exceed the waiver requirements of present federal constitutional law. See Wilkes, Postconviction Habeas Corpus Relief in Georgia, cited in footnote 1 of the majority opinion.