### 65999. DURDEN v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for armed robbery. *Held:*

The sole enumeration is ineffective assistance of counsel.

The only issue in the case was whether defendant was the perpetrator. The victim of the robbery identified him as such and another witness placed him at the scene at the time of the robbery. Three additional witnesses identified him as committing a similar robbery in the same general vicinity 8 days before the robbery charged. Defendant presented alibi testimony of himself, his wife and other family members placing him elsewhere when the robbery occurred. Other than defendant's testimony denying that he had committed either offense, no evidence was presented as a defense to the prior uncharged robbery.

On appeal, defendant presents us with his own and his wife's affidavits that he was at Grady Hospital at the time of the uncharged robbery, supported by an unauthenticated copy of medical records of an unidentified hospital showing that he received medical treatment there between the hours of 9 and 10 AM on the day of the uncharged robbery, which was committed between 11 and 11:30 AM in College Park. Their affidavits also stated that two other named persons had seen them at the hospital up to 11:35 AM and that defense counsel was "foretold" these matters.

Defendant contends that by failing to present the foregoing in evidence to establish an alibi defense to the prior uncharged offense, his counsels' assistance was ineffective.

"The right of effective counsel does not mean that an accused is entitled to errorless counsel or counsel judged ineffective by hindsight but to counsel rendering reasonably effective assistance. [Cits.]"

*McDuffie v. Jones,* 248 Ga. 544 (4), 551 (283 SE2d 601).

Defendant's apparently retained counsel, of which there were two, filed numerous pretrial motions; were familiar with the facts of the case; cross-examined five of the six prosecution witnesses, several rather extensively on the issue of identification; presented five witnesses, including defendant, who raised the defense of alibi to the offense being tried; made numerous objections to testimony and other evidence, some of which were sustained; and argued the case to the jury.

We find that defendant was not denied reasonably effective assistance of counsel. "While another lawyer or other lawyers, had they represented the petitioner upon her trial, might have conducted her defense in a different manner, and might have exercised different judgments with respect to the matters referred to in her petition, the fact that her attorneys chose to try the petitioner's case in the manner in which it was tried and made certain decisions as to the conduct of her defense with which she and her presently employed attorneys now disagree, does not require a finding that their representation of the petitioner was so inadequate as to amount to a denial to her of the effective assistance of counsel." *Estes v. Perkins,* 225 Ga. 268 (1), 269-70 (167 SE2d 588).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MAY 6, 1983.

*James W. Studdard,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Jerry W. Baxter, Assistant District Attorneys,* for appellee.