## 67550. STEPHENS v. THE STATE.

BANKE, Judge.

Appellant Stephens and two co-defendants were tried by jury and convicted of seven counts of armed robbery. The following facts were established by the state's evidence. The appellant and one of his co-defendants entered a cafe about 8:30 p.m. on December 17, 1982, and remained there 15 or 20 minutes drinking beer and playing records. After asking for a particular brand of cigarettes which was not in the machine, the co-defendant then left and returned five minutes later with a sawed-off shotgun in each hand. He tossed one of the weapons to appellant and announced, "This is a holdup, fall to the floor." Money and other items were taken from the patrons of the cafe as they lay on the floor. Appellant and his companion fired one or two shots as they fled the scene in a light green Lincoln-Continental driven by the third co-defendant. The three men were apprehended after they abandoned the automobile when it ran out of gas and had a flat tire. *Held*:

1. Appellant contends that the trial court abused its discretion in refusing to grant his motion to sever his trial from that of his co-defendants, asserting that his defense was antagonistic to that of the co-defendants, that the jury attached and imposed criminal liability upon him for the statements of the co-defendants, and that he was unable to call the co-defendants as witnesses in his own behalf.

"The grant or denial of a motion for severance lies within the sound discretion of the trial court and its ruling will not be reversed absent clear abuse of such discretion. To warrant a severance, the defendants must show the probability of prejudice and may not present just argument that there is a better probability a separate trial would give them a better chance of acquittal. To obtain a new trial at the appellate level, they must show actual prejudice and denial of due process. [Cit.]" *Stevens v. State*, 165 Ga. App. 814, 816 (3) (302 SE2d 724) (1983). To establish an abuse of discretion on the part of the trial court, there must be a clear showing that the number of defendants created confusion as to the evidence and law applicable to each individual defendant; that evidence admissible against one defendant was considered against another despite the admonitory precaution of

the court; or that the defendants' defenses were antagonistic to each other or to each other's rights. *Cain v. State*, 235 Ga. 128, 129 (218 SE2d 856) (1975); *Stevens v. State*, supra.

In the instant case, there was no confusion as to the evidence and law applicable to each defendant. Appellant was positively identified by one of the victims, and, indeed, appellant admitted his presence in the cafe. His defense was that he had no intention of participating in the robberies and that he had acted out of fear and surprise. Although the co-defendants' defenses of alibi and non-participation in the crime were somewhat antagonistic to appellant's defense of lack of intent, there is no substantial likelihood that this resulted in prejudice to appellant, given the appellant's own admissions regarding his presence and participation. As for appellant's contention that at a separate trial he could have obtained favorable testimony from his co-defendants, no showing was made at trial to support this. It follows that a severance was not required under the *Cain* test.

2. Appellant enumerates as error the trial court's refusal to allow him to open and close the final arguments, asserting that the only evidence introduced by the defense was on behalf of a co-defendant and did not involve him in any way. See generally OCGA § 17-8-71 (former Code Ann. § 27-2201).

"Generally, if the defendant in a criminal case introduces no evidence at trial, he is entitled to present arguments to the jury both before and after the state makes its argument . . . However, the right of a defendant introducing no evidence at trial to open and close the final argument is not absolute. If one defendant offers evidence in the trial of co-defendants, the right to make the closing argument is lost to all defendants, even those introducing no evidence . . ." *McDuffie v. Jones*, 248 Ga. 544, 546 (2) (283 SE2d 601) (1981). Although in *McDuffie*, the defendant was held to have lost his right to closing argument when he examined a witness called by a co-defendant, something which did not occur here, the rule set forth in that case has been held to apply even where no such cross-examination occurs. See *Garcia v. State*, 240 Ga. 796 (6) (242 SE2d 588) (1978); *Calhoun v. State*, 135 Ga. App. 609 (3) (218 SE2d 316) (1975).

3. Appellant has asserted in a supplemental brief filed pro se that the attorney originally appointed to pursue this appeal was hampered by a conflict of interest in that he was the brother of the magistrate who bound the case over to the grand jury and in that one of the jurors before whom the case was tried was his sister. Assuming *arguendo* that these facts could be said to establish a conflict of interest, the issue has been rendered moot by the appointment of another counsel to represent the appellant before this court.

*Judgment affirmed. Shulman, P. J., and Pope, J., concur.*

DECIDED MARCH 13, 1984.

Thomas James Stephens, *pro se.*
*Steven E. Fannin*, for appellant.
*Arthur E. Mallory III, District Attorney, William G. Hamrick, Jr., Assistant District Attorney*, for appellee.