## 75355. BOSTON v. THE STATE.
(365 SE2d 885)

SOGNIER, Judge.

Appellant was tried jointly with Sandra Bell and Glen Sharp; appellant was convicted of possession of marijuana with intent to distribute and possession of cocaine, in violation of the Georgia Controlled Substances Act. He appeals from those convictions.

1. In his first three enumerations of error appellant contends it was error to deny his motion for a directed verdict of acquittal, which was based on the general grounds. The evidence disclosed that Michael Wheat, an investigator with the Bibb County Sheriff's Department, was told by a reliable confidential informant that if Wheat went to 745 Womack Street in Macon, a duplex occupied by appel-

lant, there was a black female selling marijuana and some cocaine at that location, and the drugs belonged to appellant. Based on this information Wheat obtained a search warrant for appellant's premises, and he and four other officers went to the premises to execute the warrant. As they approached the front door they heard the word "police"; as Wheat entered the house he saw an unidentified man and a black woman, later identified as Bell, running toward the back door. Wheat followed them and the man jumped over a fence and disappeared. Before reaching the back door Wheat saw a plastic bag go through the air (outside the door) from right to left and land in a chicken coop. When he went out the back door Bell was standing to the right of the door Wheat exited. Bell was arrested and taken into the house; Wheat assisted another officer, Godbee, in getting over the fence into the chicken coop, where he found a plastic bag containing nineteen small packets of marijuana. Wheat and Godbee went back into the house to complete the search of the residence. The residence contained three rooms in a line from front to back; appellant was sitting on a bed in the center room when the police first entered the residence, and had been detained there by another officer. When the residence was searched the police found a matchbox containing a bag of white powder near the head of the bed where appellant was sitting, several syringes about six to eight inches from the matchbox, a set of scales on a bar in the living room, and a small bag of white powder under the mattress at the foot of the bed on which appellant was sitting. The white powder and the bags of green leafy substance found in the chicken coop were analyzed at the State Crime Laboratory in Macon, and were found to contain cocaine and marijuana, respectively.

Both appellant and Bell testified they were in the other half of the duplex where Bell lived (747 Womack) when the police arrived, and went out the back door to see what was going on. Appellant also testified that he did not live at 745 Womack, but lived with his mother. The State introduced rent receipts found in appellant's briefcase, which was sitting next to his bed, showing that appellant paid the rent on both the 745 and 747 Womack residences. Additionally, a food stamp application signed by Bell stated that her residence was 745 Womack.

We find the evidence summarized above sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Accordingly, it was not error to deny appellant's motion for a directed verdict of acquittal. *Eaton v. State*, 184 Ga. App. 645, 647 (3) (362 SE2d 375) (1987).

2. In his next two enumerations appellant alleges error by the court in denying his motion to suppress evidence and his motion to sever his case from the trials of his co-defendants. While both mo-

tions are contained in the record, we find nothing in the record to show that the court ruled on the motions other than a passing comment by counsel on his motion to suppress, made in connection with objections to State exhibits. Thus, there is nothing for us to review. *Hudson v. State*, 175 Ga. App. 692 (1) (334 SE2d 20) (1985). Even should we assume that the motions were denied, in the absence of a transcript of a hearing on the motions, we cannot consider enumerations of error based on the evidence or other proceedings at trial. *Brown v. State*, 223 Ga. 540, 541 (2) (156 SE2d 454) (1967); *Tauber v. State*, 168 Ga. App. 53 (308 SE2d 419) (1984).

3. Appellant asserts error by the court in denying appellant the right to final closing argument. In this regard, appellant's co-defendant, Bell, tendered an exhibit into evidence that was admitted without objection. The exhibit was a diagram used by Bell's counsel in cross-examination of Wheat, who marked the positions of various persons in and around the residence at the time of the arrests and search. At the conclusion of all evidence, Bell's counsel requested that the exhibit be withdrawn from evidence so the defendants would not lose their right to make the closing arguments. That request was denied, and the defendants were not allowed to make the final closing arguments.

Generally, if the defendant in a criminal case introduces ño evidence at trial, he is entitled to present arguments to the jury both before and after the State makes its argument, and this right is not forfeited when he testifies in his own behalf, provided he introduces no other evidence. OCGA § 24-9-20 (c); *McDuffie v. Jones*, 248 Ga. 544, 546 (2) (283 SE2d 601) (1981). "However, the right of a defendant introducing no evidence at trial to open and close the final argument is not absolute. If one defendant offers evidence in the trial of co-defendants, the right to make the closing argument is lost to all defendants, even those introducing no evidence . . ." Id. at 546-547. Although *McDuffie* applied this rule to cases where a defendant examines a witness called by a co-defendant, which was not the case here, we have held that "[a]lthough in *McDuffie*, the defendant was held to have lost his right to closing argument when he examined a witness called by a co-defendant, something which did not occur here, the rule set forth in that case has been held to apply even where no such cross-examination occurs. [Cits.]" *Stephens v. State*, 170 Ga. App. 267, 268 (3) (316 SE2d 847) (1984). Thus, the trial court did not err by denying appellant the right to make the closing argument.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 4, 1988.

*R. Robider Markwalter*, for appellant.

*Willis B. Sparks III, District Attorney, Virgil Adams, Assistant District Attorney*, for appellee.