## A99A1431. BURNETT v. THE STATE.
(521 SE2d 629)

ELDRIDGE, Judge.

Appellant Reginald Burnett challenges his conviction for armed robbery and possession of a firearm during the commission of a crime. We affirm.

1. In his first enumeration, Burnett contends that the evidence was insufficient to support the jury's verdict. However, on appeal, the

appellant no longer enjoys a presumption of innocence, and the evidence is viewed in a light most favorable to the verdict. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Grant v. State,* 195 Ga. App. 463, 464 (393 SE2d 737) (1990). When reviewing the sufficiency of evidence on appeal, this Court does not weigh the evidence presented or determine the credibility of witnesses. *Jackson v. Virginia,* supra. "[T]he relevant question is whether . . . *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. [Cit.]" (Emphasis in original.) Id. at 319.

Viewed in this light, the evidence in this case showed that on August 25, 1993, Burnett, Henry Stephens, and two co-defendants arrived at a Days Inn Motel in Richmond County.[1] Deputy Timothy Johnson, a Richmond County Sheriff's Department drug enforcement officer who was acting undercover as a drug buyer, previously had arranged to meet the co-defendants at the motel under the pretext of conducting a drug transaction. Additional police officers were stationed in the next room and monitored the attempted drug transaction through the use of a videotape camcorder and an audiotape bugging device; both tapes were entered into evidence at trial.

Burnett testified at trial that, while waiting outside after Stephens and a co-defendant entered the motel room, he hid approximately ten ounces of cocaine under a beverage machine outside the room. He then placed a handgun in his waistband and entered the room with a small paper bag that contained only duct tape, rubber gloves, and a mask. Burnett noticed that Deputy Johnson had a gun in the back of his waistband, so he and Stephens went into the bathroom and talked about what to do next. Deputy Johnson testified that, after the two emerged from the bathroom, Burnett pointed his handgun at Deputy Johnson and told him that "this is the way this is going to happen. We'll have to get [the money] from you." While Burnett admitted taking his gun from his waistband, he claimed that he only "waved" it around without pointing it directly at the officer's head. Stephens took the officer's gun, pointed the gun at the officer, and told him to lie down. At some point, a third co-defendant attempted to leave the room with the officer's money. Recognizing that the drug sting had become potentially violent, police officers next door stormed the motel room. During the scuffle that ensued, both Burnett and Stephens were shot and wounded.

A few days after the incident, Stephens gave a detailed statement to the police regarding his involvement in the crime. The state-

---

[1] Additional facts were presented in the appeal of Burnett's co-defendant, Henry Stephens. See *Stephens v. State,* 233 Ga. App. 32 (503 SE2d 311) (1998). The two remaining co-defendants were acquitted of both charges.

ment's references to the other co-defendants were redacted, and the statement was presented to the jury at trial in April 1994. In addition to the statement, the videotape, and the audiotape, the jury also heard testimony from Deputy Johnson, other investigative personnel, and the four co-defendants. After hearing this evidence, the jury convicted Burnett and Stephens on both counts and acquitted the two remaining co-defendants.[2]

This Court finds that the evidence presented was sufficient for rational jurors to find Burnett guilty beyond a reasonable doubt of armed robbery and possession of a firearm during the commission of a crime. *Jackson v. Virginia*, supra.

2. In his second enumeration of error, Burnett asserts that the trial court's denial of his request to give both opening and concluding arguments to the jury during summation was reversible error as a matter of law. After the close of evidence, the trial court ruled that the four co-defendants would receive 90 minutes total for their opening and concluding arguments; the co-defendants could decide how they would allocate this time; and each co-defendant would be allowed to argue only once — either before or after the State, but not both. Burnett objected to this ruling on the record, thereby preserving this issue for appeal.

This issue previously has been decided adversely to Burnett in the appeal of his co-defendant, Henry Stephens. In *Stephens v. State*, 233 Ga. App. 32, 34 (2) (503 SE2d 311) (1998), this Court held that the trial court's refusal to allow a defendant to give a concluding argument to the jury when he had not introduced evidence other than his own testimony was error. See also OCGA § 17-8-71. However, we also held that such error did not constitute grounds for automatically reversing Stephens's conviction and found that, under the circumstances of the case, the trial court's error was harmless, citing *McDuffie v. Jones*, 248 Ga. 544, 547 (2) (283 SE2d 601) (1981), as follows:

> As in *McDuffie*, supra at 548, no correlation can be discerned between opening or concluding closing argument and conviction or acquittal. Two of Stephens's codefendants [including the appellant herein] argued before the State; one was acquitted and one convicted. Stephens and the third codefendant argued after the State; Stephens was convicted while his codefendant was acquitted. "This defendant was not denied the right to argue his case to the jury and in fact

---

[2] Burnett filed a motion for new trial on May 26, 1994, but a hearing was not conducted until July 1, 1998. The trial court granted Burnett's request for an out-of-time appeal on December 22, 1998, and a notice of appeal was filed on December 23, 1998.

did so. He was merely prohibited from making the closing argument. The co-defendant who had the closing argument was also found guilty by the jury. In view of the evidence against the defendants, it is highly probable, if not a certainty, that the error did not contribute to the conviction. (Cit.) Thus, a new trial is not required by the trial court's harmless error." Id.

*Stephens*, supra at 34 (2). See also *Hayes v. State*, 268 Ga. 809, 813-814 (7) (493 SE2d 169) (1997) (the presumption of harm arising from the trial court's error was overcome by the compelling evidence against the defendant, which made his asserted defense "virtually incredible").

Even so, Burnett claims that our ruling in *Stephens* is not dispositive due to the fact that there was more evidence presented against Henry Stephens, including a detailed statement he had given to the police a few days after the robbery. See *Givens v. State*, 264 Ga. 522 (448 SE2d 687) (1994) (finding reversible error when the defendant presented a plausible defense); *Dasher v. State*, 233 Ga. App. 833 (505 SE2d 792) (1998). Further, he argues that Stephens, in fact, *was* permitted to give a concluding argument after the State.

However, as discussed above, Stephens was convicted *even though* he had the opportunity to give the final concluding argument, while another co-defendant was acquitted even though he, like Burnett, was prevented from arguing after the State. Accordingly, "[i]n view of the lack of correlation between [Burnett's] position in closing argument and conviction or acquittal, as well as the overwhelming evidence implicating [Burnett] in the robbery, including video and audio tape of the incident and his own [inculpatory admissions at trial]," *Stephens*, supra at 34 (2), we find that, under the circumstances of this case, the trial court's error in refusing to allow each defendant to give both opening and concluding arguments during summation was harmless.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED AUGUST 11, 1999.

*Jeffrey S. Bowman*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.