## A01A0211. EDWARDS v. THE STATE.
### (545 SE2d 356)

ELDRIDGE, Judge.

A Dougherty County jury convicted Artesian K. Edwards of voluntary manslaughter and possession of a firearm during the commission of a felony. He was sentenced to twenty years confinement to serve ten and the remainder probated. The defendant appeals from the superior court's denial of his motion for new trial, contending (1) that the superior court erred in charging the jury as to voluntary manslaughter by improperly referring to involuntary manslaughter as voluntary manslaughter; and (2) that the evidence was insufficient to support his convictions, averring the general grounds. Finding no merit to these contentions, we affirm.

The record shows that the defendant stopped his car after nearly hitting the victim, who was crossing Gillespie Avenue in Albany. Defendant testified at trial that words were exchanged between the two after he stopped; that on seeing the victim approaching his vehicle with his hand behind his back, defendant told the passenger in the seat next to him to "[g]ive me the gun"; that he and the victim exchanged more words; and that the victim opened the car door, stepped forward, and hit him, causing the gun to go off accidentally as he fell back in the seat.

Two other passengers were in defendant's vehicle at the time of the incident. Their testimony at trial corroborated much of the defendant's testimony; however, both testified that the defendant reached for the weapon[1] immediately after the victim hit him, then shot the victim instantly. Although the defendant testified that the victim threatened to kill him while using a racial epithet, the passen-

---

[1] One of the defendant's passengers testified that he did so by reaching for the weapon on the floorboard of the passenger's side of the vehicle. The testimony corroborated the custodial statement the defendant gave police after his arrest. Another passenger testified that the defendant told the passenger on the passenger's side of the vehicle to give the gun to him.

gers in defendant's vehicle did not corroborate this point, further testifying that the victim was unarmed. On cross-examination, the defendant admitted that he had not included any reference to a threat to kill in the custodial statement he had given police.

When the officer who responded to the shooting arrived on the scene, she found the victim nonresponsive and lying in the street on his back. At trial, the State's pathologist testified that the victim died of a gunshot wound to the chest, and the murder weapon, a .22 caliber revolver, was entered in evidence without objection.

1. The superior court did not err in charging the jury as to voluntary manslaughter. The record shows that the trial court properly charged the jury on voluntary manslaughter as defined in OCGA § 16-5-2 (a). Although the trial court once mistakenly referred to voluntary manslaughter as involuntary manslaughter in giving its voluntary manslaughter charge, such slip of the tongue did not render the charge as a whole improper. Considering the charge as a whole, inclusive of a proper recharge as to voluntary manslaughter, the trial court's inadvertent reference to voluntary manslaughter as involuntary manslaughter did not mislead or confuse the jury, and the error, if any, was harmless. See *Matthews v. State*, 268 Ga. 798, 805 (7) (c) (493 SE2d 136) (1997) (slip of tongue which does not mislead or confuse jury is not reversible error); *Shorter v. State*, 270 Ga. 280, 281 (3) (507 SE2d 757) (1998).

2. Neither was the evidence insufficient to support defendant's convictions. Although the evidence was in conflict as to the sequence of events after the victim hit the defendant, "[w]hen reviewing the sufficiency of evidence on appeal, this Court does not weigh the evidence presented or determine the credibility of witnesses. [Cit.]" *Burnett v. State*, 239 Ga. App. 592, 593 (521 SE2d 629) (1999). The defendant admitted using the weapon in issue and did not object to its admission in evidence. Under the circumstances of this case, a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see *Crumpton v. State*, 213 Ga. App. 358, 361 (5) (444 SE2d 847) (1994).

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 2, 2001.

*Christopher S. Warren*, for appellant.
*Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellee.