A03A0821. STARKS v. THE STATE.
(580 SE2d 672)

MILLER, Judge.

Following a jury trial, Kenneth Bernard Starks was convicted of possession of cocaine. He moved for a new trial on the grounds that the court erred in allowing the State to open and conclude closing argument and in denying his motion for mistrial, which arose out of a query by the prosecutor into Starks's criminal past. The court denied the motion for new trial, and Starks appeals, enumerating as error the same two grounds. In light of Starks's strategic and frank admission to the possession charge at trial, any alleged error was harmless. We affirm.

Starks's neighbor testified that Starks approached him and, by threatening him with a handgun, persuaded him to allow Starks to use his car. The neighbor called police, who pulled over Starks as he

was driving the vehicle. The officers found one rock of cocaine in Starks's hand.

Starks was charged with armed robbery and possession of cocaine. At trial Starks vigorously challenged the armed robbery charge, claiming that his use of the car was the result of a bargain he reached with his neighbor. Starks testified that he gave his neighbor two rocks of cocaine in exchange for the use of the car. Under Starks's version, the neighbor later reduced the amount of time Starks could use the car and accordingly gave Starks one rock back, which is consistent with what police found in his hand when they stopped him. In his opening statement and closing argument, Starks's counsel emphasized that Starks admitted to possessing the cocaine and was contesting the armed robbery charge, not the possession charge. Starks's testimony at trial confirmed that he owned and possessed the cocaine police found in his hand.

Apparently believing Starks's version, the jury acquitted him of armed robbery and found him guilty only of possession of cocaine. Having received what he asked for, Starks nevertheless moved for a new trial, claiming that the court erred in allowing the State to open and conclude closing argument and in denying his motion for mistrial, which arose out of a query by the prosecutor into Starks's criminal past. Following the denial of the motion for new trial, Starks appeals.

1. Starks's first enumeration focuses on OCGA § 17-8-71, which provides that "[i]f the defendant introduces no evidence, his counsel shall open and conclude the argument to the jury after the evidence on the part of the state is closed." He does not lose this right when he testifies in his own behalf, provided he introduces no other evidence. OCGA § 24-9-20 (c); *McDuffie v. Jones*, 248 Ga. 544, 546 (2) (283 SE2d 601) (1981), overruled on other grounds, *West v. Waters*, 272 Ga. 591, 593 (3) (533 SE2d 88) (2000). Starks argues that he presented no evidence other than his own testimony and that therefore the court erred in allowing the State to open and conclude closing argument.

The record shows that the defendant in fact presented no evidence. However, the error is harmless. Even if the court had erred in denying Starks the right to open and close, the officers' uncontradicted testimony that they found cocaine in Starks's hand, plus his own frank admission to possessing the cocaine and his attorney's arguments conceding guilt on this charge, made it "highly probable, if not a certainty, that the error did not contribute to the conviction. Thus, a new trial is not required by the trial court's harmless error." (Citation omitted.) *McDuffie*, supra, 248 Ga. at 548 (2); see *Stephens v. State*, 233 Ga. App. 32, 34 (2) (503 SE2d 311) (1998); *Stanley v. State*, 195 Ga. App. 706, 708-709 (9) (394 SE2d 785) (1990).

2. Starks's second enumeration contends that the trial court erred in denying his motion for mistrial. After Starks testified on direct to the cocaine-for-car bargain, the prosecutor challenged this testimony by asking Starks whether he had ever done that before. When Starks answered affirmatively, the prosecutor asked for the number of neighborhood people with whom he had struck such a bargain before. Starks's counsel objected and moved for a mistrial. The court sustained the objection and instructed the jury to disregard these questions and answer. Starks renewed his motion for mistrial, which was denied.

When the defendant raises an issue on direct examination, the prosecutor may follow up and fully explore that issue on cross-examination, even if it touches on the defendant's character. *Morgan v. State*, 275 Ga. 222, 223 (3) (564 SE2d 192) (2002). "The prohibition against the State's introduction of character evidence unless and until the defendant places his own character into issue does not preclude use of evidence to disprove facts testified to by the defendant." (Citation and punctuation omitted.) *Francis v. State*, 266 Ga. 69, 71 (2) (463 SE2d 859) (1995); see *Jones v. State*, 257 Ga. 753, 759 (1) (b) (363 SE2d 529) (1988). Here the cross-examination was designed to challenge statements made by Starks on direct and was therefore permissible.

Moreover, even if the cross-examination were impermissible, the trial court's decision to give curative instructions rather than to declare a mistrial was in the trial court's discretion, which decision we will not disturb unless a mistrial was essential to the preservation of the right to a fair trial. *Gardner v. State*, 273 Ga. 809, 812-813 (5) (546 SE2d 490) (2001); see *Dukes v. State*, 273 Ga. 890, 892 (3) (b) (548 SE2d 328) (2001). We discern no abuse of that discretion here. Indeed, in light of Starks's candid testimony that he possessed the cocaine, it is highly probable that the character testimony did not contribute to the verdict and therefore would have been harmless error in any case. See *Weems v. State*, 269 Ga. 577, 580 (3) (501 SE2d 806) (1998); *Clemons v. State*, 257 Ga. App. 96, 105-106 (4) (574 SE2d 535) (2002).

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED APRIL 3, 2003.

*Maurice Brown*, for appellant.
*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.