JOHN CARTRIGHT, plaintiff in error, vs. JOHN P. CLOPTON, defendant in error.

On the trial of a case, when the evidence had closed, the Court "directed counsel for the plaintiff, to go on and state his points relied on for a recovery, to the jury. Plaintiff's counsel did so. Defendant's counsel then asked the Court, to give the law in charge to the jury; whereupon, counsel for the plaintiff, insisted that he had a right to argue his case to the jury." The Court refused to allow him to do so. *Held*, that the Court erred.

Assumpsit, from Merriwether county.   Tried before Judge BULL, August Term, 1857.

This was an action of assumpsit by John Cartright against John P. Clopton, on the following promissory note, to-wit:

"Eight months after date we or either of us promise John Cartright or bearer, the sum of one thousand dollars, with interest from date, value received.   April 2d, 1855.

[Signed]                    L. C. CLOPTON,
                               J. P. CLOPTON, Sec'ty."

The suit was against the security only.

The defendant pleaded, first, The general issue.   Second,

Cartright vs. Clopton.

A special plea, that the note sued on, was given as collateral security for a draft negotiated by L. C. Clopton, to plaintiff, and which note was to be given up when a Mr. Enoch, a lawyer of Texas, should say that the draft could be collected; and defendant avers that Enoch has so said that the draft could be collected, and of which plaintiff was informed, &c.

Under the charge of the Court the jury found for the defendant, and plaintiff moved for a new trial upon the following grounds, to-wit:

1st. Because the Court erred in admitting the testimony of Pleasant P. Clopton and William P. Elbert, to prove the contract by which the defendant insists that the note sued on was paid, the said testimony tending to vary the contract contained in the note.

2d. Because the Court erred in refusing to give in charge to the jury, the law regulating the admissibility of parol evidence to vary, add to, or alter written contracts, and in assigning as a reason for said refusal, that there was no evidence that said agreement set up by defendant, in discharge of said note, was made prior to, or contemporaneously with, the giving of the note.

3d. Because the Court erred in refusing to admit in evidence the draft drawn by L. C. Clopton, on Allen & Terrell, upon the ground that said testimony was irrelevant.

4th. Because, after the testimony was closed, and the plaintiff's counsel, under the direction of the Court, stated his points, and the defendant's counsel declined to argue the case to the jury, the Court erred in refusing to permit plaintiff's counsel to go on and argue his case, holding that he was not entitled to submit any further arguments or remarks to the jury.

5th. Because the jury found contrary to law and evidence.

The presiding Judge overruled the motion for a new trial, and plaintiff excepted.

Cartright vs. Clopton.

Mr. HALL, for plaintiff in error.

Messrs. ADAMS, and KNIGHT, *contra.*

*By the Court.*—BENNING, J. delivering the opinion.

Was the Court right in refusing the motion for a new trial ?

The first and second grounds of the motion, are founded upon the assumption, that the parol evidence objected to, proved a contract *contemporaneous* with the giving of the note sued on. But that evidence, as we think, proved a contract *subsequent* to the giving of the note. We think, therefore, that there is nothing in these two grounds.

As to the third ground I think, that the draft was admissible. The fact that it was in the possession of the plaintiff, would tend to show, that its surrender to L. C. Clopton, was *not* the consideration of the note, and, therefore, would tend to discredit the two witnesses, P. P. Clopton and W. P. Elliott, who swore, that they heard the parties to the note say, that the surrender of the draft to L. C. Clopton, was the consideration of the note.

" A collateral fact is not in general evidence to discredit a witness. But where a witness swore that a party had acknowledged two instruments to have been made by him, evidence was admitted, that one of them was forged." 2 *Stark Ev.*

Again, I am not prepared to admit, that this is a collateral fact.

The question whether the note sued on, was the *same* note as that referred to by the two witnesses, was a question not collateral to the issue, but a question directly involved in the issue.

The note to which they had reference, was one the consideration of which, was, as they understood it, the surrender of this draft.

The draft was in fact, not surrendered. This is a fact from which it may be argued, that the note sued on is not a note which had the surrender of the draft for its consideration, and therefore, that it is not the note referred to by the two witnesses. True, the fact is such a one, that it is susceptible of being used in this way, in reference not only to this note, but to any other possible note between the same parties. But does this show, that the fact is not one calculated to disprove the identity of the note sued on with that of which the two witnesses testify. I do not see that it does.

In *my* opinion, then, the draft was admissible ; and, I believe, that in this opinion, Judge Lumpkin agrees with me.

As to the fourth ground, in the opinion of Judges Lumpkin and McDonald, this was a good ground, and I agree with them, if the Court, in directing "counsel for the plaintiff to go on, and state his points relied on for a recovery, to the jury," meant to restrict such counsel to a naked statement of mere *points*, to the exclusion of argument in support of the points. If the Court did not mean this, but meant, that the counsel was to go on and argue his case to the jury, and he chose merely to state his points and not argue them, I am not prepared to say, that I think the Court erred. How the fact was in this respect, is not clear from the record.

We all agree, that there should be a new trial.

Judgment reversed.