### 1999.  PORTER v. THE STATE.

HILL, C. J.  1. Where, on the trial of a criminal case, the accused introduced no evidence, and his attorney opened the case to the jury by presenting the law applicable to the facts, consuming less time than the rule of court allowed for argument, and the solicitor, without having previously given any notice of such intention, announced that there would be no argument for the State and that the court might charge the jury, and thereupon the attorney for the defendant stated to the court that he had expected the solicitor to argue the case, and had, therefore, reserved for his concluding speech his argument on the facts, and requested the court to allow him to present his argument on the facts to the jury, within the limits of the rule of court for argument, and this request was refused by the court, *held*, that the court erred. *Cartright* v. *Clopton*, 25 *Ga.* 85; *Grant* v. *State*, 97 *Ga.* 789 (25 S. E. 399).

2. In a prosecution under the act of 1903 (Acts 1903, p. 90) making criminal the obtaining of money or other thing of value upon a fraudulent promise to perform services, it is the duty of the court to instruct the jury, without a written request, that in order to authorize a conviction the intention to cheat and swindle the prosecutor must have existed on the part of the defendant at the time the money was advanced. *Mulkey* v. *State*, 1 *Ga. App.* 521 (57 S. E. 1022).          *Judgment reversed.*

Accusation of misdemeanor, from city court of Fitzgerald— Judge Jay.  June 8, 1909.

Submitted October 4,—Decided October 13, 1909.

*E. S. Fuller,* for plaintiff in error.  *O. H. Elkins,* contra.