## 11917. HUNNICUTT *v.* GEORGIA RAILWAY & POWER COMPANY.

When objection to a ruling is not made in such a way as to put the court and opposing counsel upon notice that the objection is insisted upon, an assignment of error upon the ruling is without merit.

DECIDED MARCH 8, 1921.

Action for damages; from city court of Atlanta — Judge Reid. October 9, 1920.

*Arminius Wright,* for plaintiff.

*Colquitt & Conyers,* for defendant.

LUKE. J. Hunnicutt sued the Georgia Railway & Power Company and Weisinger for damages for alleged personal injuries. The case was in default as to Weisinger, and the jury rendered a verdict against him alone. The evidence was conflicting, and would have supported a verdict either way. The only question for decision can be best understood from the following statement in the motion for a new trial: "Upon conclusion of the evidence in the above-stated case, plaintiff's counsel stated to the court the names of certain cases which he contended were controlling in the case at bar. He then stated that he would waive his opening argument, and in his concluding argument would argue only the issues made by the evidence and as set out in the declaration. Plaintiff's counsel occupied about five minutes in this statement. Thereupon defendant's counsel inquired of the court, if he declined to argue the case, would that be an end of the argument under the statement of plaintiff's counsel that he waived his opening argument after stating his contention as to the law of the case. The court stated that would be the effect if defendant's counsel declined to argue the case. Defendant's counsel then declined to make an argument. Plaintiff's counsel then stated to the court that he had not intended to waive his concluding argument by waiving the opening argument; that he had stated what he believed to be the controlling law of the case, and that he would argue in conclusion the contentions of the plaintiff as set out by the pleadings, and as shown by the evidence. The court suggested to plaintiff's counsel that if he had made a full opening argument and defendant's counsel had declined to make an argument, the effect would be to cut off further argument, and it

seemed to the court that what had occurred on the part of plaintiff's counsel would be equivalent to having made an argument, so far as the effect was concerned, under this rule. The plaintiff's counsel then said, ' Well, let it go,' and thereupon the court proceeded to charge the jury."

We think the court's ruling as above indicated was, in effect, that, under the facts stated, the plaintiff's counsel was precluded from further argument. There having been nothing said as to the manner of argument until after counsel had concluded his opening statement to the jury, we are of the opinion that so to rule would be to deprive him, without warning, of the invaluable right of arguing the facts of his client's case to the jury; and, upon proper objection, this court would be constrained to hold such ruling error. See *Cartright* v. *Clopton,* 25 *Ga.* 85; *Grant* v. *State,* 97 *Ga.* 789 (25 S. E. 399); *Porter* v. *State,* 6 *Ga. App.* 770 (1) (65 S. E. 814).

We are quite certain, however, that the objection as interposed, when coupled with the subsequent and final statement of the plaintiff's counsel, " Well, let it go, " does not constitute a good ground for an assignment of error. " The motion should have been made in such a manner as that the judge should clearly understand that a ruling was being invoked, and that opposing counsel should also have notice of it. " *Grant* v. *State,* supra. After the judge had stated and had reiterated his ruling, and counsel, by way of reply, said, " Well, let it go, " it would appear to the ordinary mind that counsel yielded to the court's ruling; and, at best, we do not think it can be held that either the court or opposing counsel was put upon sufficient notice that plaintiff's counsel intended to insist upon his objection to the court's ruling.

This being the only question argued in the brief of counsel for the plaintiff in error, the judgment is

         *Affirmed. Broyles, C. J., and Bloodworth, J., concur.*