33620. HOWINGTON *v.* THE STATE.

Decided July 16, 1951.

*Mark Dunahoo,* for plaintiff in error.

*W. H. Lanier, Solicitor-General, M. C. Barwick,* contra.

TOWNSEND, J. (After stating the foregoing facts.)

█ The amendment to the motion for a new trial was not specifically approved by the trial court, but was simply allowed and ordered filed. No point was made in the trial court as to the sufficiency of the approval of these special grounds by the trial judge, and he passed generally on the motion as amended. It is the duty of the appellate court to consider the special grounds, under these circumstances, as if approved by the trial court. See *Price* v. *State,* 170 *Ga.* 294 (152 S. E. 572) ; *Nix* v. *Nix,* 55 *Ga. App.* 776 (191 S. E. 381).

█ The first four grounds of the amended motion for a new trial complain of the court's failure to grant a continuance on motion of the defendant. This motion was made, first, on the ground that a first cousin of counsel for the defendant who was very dear to him had just died in Monroe, Georgia; that the exact date of the funeral was not known because some of her children were in the armed forces and out of the State and they had as yet received no message as to when the children would arrive, and for this reason counsel would be unable to devote his undivided time and efforts to conducting the case, and, secondly, on the ground that the two witnesses for the defendant, N. H. Caruthers and G. L. Coleman were eyewitnesses to the shooting by whom the defendant hoped to show that he had fired only in self-defense; that Caruthers was out of the State and that a subpoena had been issued for him the day before but had not been served. It appeared that the defendant had been indicted for over a year previously; that the case had been continued twice in his behalf, once because he failed to make an appearance; that he had previously employed other counsel, but that his present counsel had been employed about two months, during which time he had talked at length at least once with the proposed witness Caruthers, and that the subpoena was not delivered to the sheriff until the previous day, after the defendant had ascertained that

Caruthers was temporarily out of the State. The judge refused to grant the continuance, basing his decision on the ground that the witness's unavailability was due to lack of diligence on the part of the defendant. The case then proceeded to trial, and G. L. Coleman did appear as a witness for the defendant, but testified that he had not been an eyewitness to the shooting. As to the first ground, counsel was in court personally urging this motion, and under these circumstances it is within the discretion of the court, as a general rule, to decide whether it appears that counsel is fit, mentally or physically, to continue with the case. See *Dale* v. *Beasley*, 141 *Ga.* 594 (1) (81 S. E. 849) ; *Rawlins* v. *State*, 124 *Ga.* 31, 54 (52 S. E. 1). As to the other ground of continuance, refusal to grant a continuance is not error where the testimony of the absent witness would merely corroborate that of the witnesses present and able to testify. See *Moon* v. *Wright*, 12 *Ga. App.* 659 (5) (78 S. E. 141) ; *McCarty* v. *Keys*, 19 *Ga. App.* 494 (2) (91 S. E. 875). While the defendant's attorney testified that the witness would state that he saw Mitchell make an assault on the defendant, the defendant himself stated, as to the proposed witness's testimony, "I expect to prove by him that I did the shooting in self-defense. . . The same applies to Mr. Coleman, he was a friend and was with me at the time this happened." It thus appears that the defendant merely expected the testimony of Caruthers to corroborate that of Coleman, who appeared and testified, although his testimony failed to show that the shooting was in self-defense. Further, the case had been called to trial three times, and at no time had a subpoena been requested until the day before the trial. The defendant was represented by counsel who had previously talked with the witness. No reason was shown for failure to subpoena him in time for the trial. Accordingly, the trial court did not abuse his discretion in overruling the motion for a continuance. See *Porter* v. *Porter*, 17 *Ga. App.* 456 (87 S. E. 707).

■ Special ground 5 of the amended motion for a new trial complains of the court's refusal to charge in certain particulars as requested. Examination of the request to charge, which is quite lengthy, discloses requests to charge on the subjects of (a)

definition of assault with intent to murder; (b) intent as an ingredient of the offense; (c) reasonable doubt; (d) the law as to justifiable homicide in self-defense, and (e) the principle of law relating to homicide resulting from mutual combat. The trial court charged substantially as requested on each of these subjects except that relating to mutual combat. As to the latter subject, the evidence of the State would have authorized a finding that the defendant shot without any provocation whatever, while the defendant's statement would have authorized a finding that he shot in self-defense, believing that the prosecutor was about to commit a felonious assault upon him, but there was no evidence in the record which would have authorized a finding that the killing was a result of mutual combat. Accordingly, the refusal to charge on this subject was without error. *Claughton* v. *State*, 50 *Ga. App.* 398 (2) (178 S. E. 327).

■ It appears from special ground 6 that the solicitor-general, W. H. Lanier, was assisted by Judge M. C. Barwick in the prosecution of the case, and it is alleged that the latter attorney was employed by the Chairman of the Board of Education, Judge of the City Court, and City Attorney of Louisville. The complaint is that said attorney was illegally paid with public funds, and that the jury should have been purged on the basis of relationship to the members of the board of education and city council. No such motion was made, nor was the question raised, during the trial of the case. Due diligence would have required that inquiry be made at the time of the trial as to the source of employment and compensation of the attorney who was present in court assisting in the prosecution of the case if the defendant desired to make an issue on this question. Mere irregularities in the conduct of a trial, not vitally affecting the merits of the case or the rights of the parties, will be held to have been waived if no objection was made to them at the time." *Jefferson* v. *Hamilton*, 69 *Ga.* 401 (3). Further, the complaint that the jury should have been purged on the basis of relationship to the members of the board of education and city council is without merit because the ground does not disclose that any juror was in fact related within the prohibited degree to any member of the board of education or city council. Error, to be reversible, must be

shown to be harmful. See *Wright* v. *State,* 6 *Ga. App.* 770 (1) (65 S. E. 806). See also *Farmers Union Warehouse of Metter* v. *Boyd,* 31 *Ga. App.* 104 (1-2) (119 S. E. 542).

The remaining grounds of the motion for a new trial are but amplifications of the general grounds. As to these, there was the testimony of several unimpeached eyewitnesses who testified in substance that the defendant shot without provocation. The evidence is sufficient to support the verdict and, having the approval of the trial court, it will not be disturbed by this court.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*