76823. LEE v. THE STATE.
(373 SE2d 28)

SOGNIER, Judge.

Larkin Mayo Lee was convicted of running a stop sign and driving under the influence of alcohol, and he appeals.

1. In his first enumeration of error, appellant contends the evidence was insufficient to support his conviction. The evidence adduced at trial, construed favorably to the prosecution, showed that Butts County Sheriff's Deputy Britt observed appellant drive his truck past a stop sign without slowing down or stopping. Deputy Britt testified that after stopping appellant for the stop sign violation, he smelled a strong odor of alcohol on appellant and noticed beer cans in the truck. An intoximeter test was thereafter conducted which showed appellant's blood to contain .15 gm percent alcohol. We find this evidence to be sufficient to support the conviction under the standard enunciated in *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Contrary to appellant's contention, we find this evidence also establishes that appellant was a "less safe driver" within the meaning of OCGA § 40-6-391 (a) (1). See *Collum v. State,* 186 Ga. App. 822 (368 SE2d 578) (1988).

3. Appellant's second enumeration, in which he contends that his conviction should be reversed because the accusation failed to specify under which portion of OCGA § 40-6-391 he was being prosecuted, was not raised below. It is well established that this court will not consider issues raised for the first time on appeal. *Tolbert v. State,* 180 Ga. App. 703, 704 (3) (350 SE2d 51) (1986).

4. Appellant maintains the results of the intoximeter test were improperly admitted because no proper foundation was laid in that appellant was not kept under continuous observation before the time of the intoximeter test, in accordance with methods approved by the Georgia Bureau of Investigation pursuant to OCGA § 40-6-392 (a) (1). However, Deputy Britt testified he had observed appellant continuously from arrest until the time of testing and this testimony was sufficient to satisfy that foundation requirement. Any doubt cast on this testimony by the testimony of Deputy Bevell, who administered the intoximeter test, or by Deputy Britt's own later testimony, would go

to Deputy Britt's credibility and the weight to be given to his testimony, not to the sufficiency of the foundation laid for admitting the results of the intoximeter test. "The weight of the evidence and credibility of witnesses are questions for determination by the [factfinder], and this court passes on the sufficiency of the evidence, not its weight. [Cit.]" *Worthey v. State*, 184 Ga. App. 836, 838 (363 SE2d 54) (1987).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 7, 1988 —
REHEARING DENIED SEPTEMBER 15, 1988 —

Virgil L. Brown, for appellant.

E. Byron Smith, District Attorney, Thomas McBerry, Assistant District Attorney, for appellee.