A90A0190. WALTERS v. THE STATE.
(394 SE2d 105)

BEASLEY, Judge.

Walters appeals his conviction of OCGA § 40-6-391 (a) (4), driving with .12 grams or more of alcohol concentration.

1. Defendant contends his motion to quash the accusation was erroneously denied. The motion was on two grounds, that the accusation failed to fully inform him of the charges and that it charged no crime, OCGA § 40-6-391 (b) having impliedly repealed OCGA § 40-6-391 (a) (4).

The latter contention has been decided adversely to defendant by *Proo v. State*, 192 Ga. App. 169 (384 SE2d 197) (1989).

The Uniform Traffic Citation, under which defendant was tried, alleged that on a day and time certain he did "unlawfully operate vehicle . . . while under the influence of alcohol and/or drugs (DUI) . . . in violation of Section 40-6-391 (a) (4)." It also reflected that a breath test was given and "Results .32 grams %" was recorded on the citation as required by Georgia Bureau of Investigation Rule 92-3-.06 (11).

The motion to quash claimed it was vague and ambiguous, depriving defendant of his federal Fifth, Sixth and Fourteenth Amendment rights and unidentified rights under two provisions of the Georgia Bill of Rights. These were not adequately raised below and will not be considered here. *Harbin v. State*, 193 Ga. App. 248, 249 (1) (387 SE2d 367) (1989). As to each being an independent and possibly broader ground than the statute (OCGA § 17-7-71 (c)) and case law invoked, they were waived. It is not shown how any of these constitutional provisions was violated or why the charge failed to pass constitutional muster. The same goes for other instances attempted in this

appeal.

The citation adequately informed defendant of the nature of the charge and is not subject to the objections raised. OCGA §§ 40-13-1; 40-13-24; 17-7-71; *State v. Military Circle Pet Center &c.*, 257 Ga. 388 (360 SE2d 248) (1987); *Evans v. State*, 168 Ga. App. 716 (310 SE2d 3) (1983).

2. The court withheld ruling on defendant's motion to suppress the results of the intoximeter test until the results were tendered. During the State's opening statement, mention was made of the results and defendant moved for mistrial, because there were "motions pending as to that test."

The court denied the motion on several grounds, including that if the motion to suppress were granted during trial or the State otherwise failed to get the results introduced, defendant would be entitled to a directed verdict. The court immediately instructed the jurors that the opening statements were not evidence and they were to base their decision only on the evidence from witnesses or exhibits.

The results were properly admitted, as discussed below, rendering harmless any error in refusing mistrial. Moreover, defendant failed to renew his motion for mistrial after the curative instructions were given, waiving any error. *Burce v. State*, 146 Ga. App. 383 (246 SE2d 412) (1978).

3. Defendant's Notice to Produce before trial included a request for "radio log." When the deputy sheriff who administered the intoximeter test testified, defendant requested the log. The deputy had not brought it with him. Defendant contended production was required by the notice.

The document did not have to be produced, not being the type material " 'reasonably expected to be found in the "custody" of the solicitor preparing the case. . . .' [Cit.]" *Calloway v. State*, 191 Ga. App. 383, 384 (2) (381 SE2d 598) (1989).

4. (a) Defendant moved to suppress the intoximeter results, contending that the test was performed "on a device that is not properly approved by the Division of Forensic Sciences of the [GBI]" as required by OCGA § 40-6-392 (a) (1). Only the statutory and other constitutional grounds were contained in defendant's motion and used as the basis for objection to the evidence at trial, waiving the constitutional grounds cited here, albeit not argued. *Harbin*, supra.

The deputy testified that the State periodically tested the machine and a log was kept in the Sheriff's office. Such tests are required to be made periodically. Georgia Bureau of Investigation Rule 92-3-.06 (8) (a). The officer's certificate of authorization to administer the Intoximeter 3000 test was admitted without objection. The motion and objection were properly overruled. *Calloway v. State*, 191 Ga. App. supra at 384 (1).

(b) Defendant also alleges error in the court's refusal to allow him to present evidence that an "expert," whose qualifications were otherwise unstated, had tested the Intoximeter 3000 the day prior to the trial in March 1989. He ingested acetone and registered .05 percent, proving the inaccuracy of the machine.

Even assuming this was a qualified expert, such evidence is not relevant. *Blanos v. State*, 192 Ga. App. 835 (386 SE2d 714) (1989). Testing of the machine nearly five months after the charged incident "would not prove that the machine gave an inaccurate reading for defendant since the original test's condition, including defendant's own physical condition, could not have been duplicated. See *Kuptz v. State*, 179 Ga. App. 150, 152 (9) (345 SE2d 670) [physical precedent]." *Blanos*, supra.

The federal Sixth Amendment argument regarding confrontation of the machine was not presented below and will not be considered. Such an argument was rejected in *Kuptz*, supra.

5. The sole basis for defendant's motion for directed verdict was failure of proof of the intoximeter results. That ground is not argued here; the one argued was not made below, leaving nothing to consider.

To the extent insufficiency of the evidence of defendant's driving the car is alleged, it was sufficient. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Napier v. State*, 184 Ga. App. 770, 772 (2) (362 SE2d 501) (1987); *Stephens v. State*, 127 Ga. App. 416, 421 (4) (193 SE2d 870) (1972).

6. The court's admission of the Intoximeter 3000 printout and allowing the jury to see it were not error. The objection was that the printout was cumulative of the officer's testimony and was a scientific report which should not go out under *Strickland v. State*, 167 Ga. 452, 460 (6) (145 SE 879) (1928), and *Craig v. State*, 130 Ga. App. 689 (204 SE2d 307) (1974). Other objections argued here but not presented below will not be considered.

Cumulativeness does not provide a mandate for reversal. *Dawson v. State*, 258 Ga. 416, 417 (2) (369 SE2d 760) (1988).

*Strickland* stands only for the proposition that a dying declaration, after the contents have been read into evidence, may not go out with the jury because it allows the witness to speak to the jury more than once. That did not occur here. A computer generated analysis of breath, made admissible pursuant to OCGA § 40-6-392 (a) upon showing a proper foundation, was properly admitted into evidence. The analysis, referred to by the statute, was "created" by the machine and not by the trooper who was trained in the use of the machine and the administration of the test. See *Noles v. State*, 164 Ga. App. 191, 193 (2) (296 SE2d 768) (1982); *Graham v. State*, 154 Ga. App. 198, 199 (267 SE2d 842) (1980); cf. *Thompson v. State*, 175 Ga. App. 645, 649 (4) (334 SE2d 312) (1985).

*Craig* does not aid defendant. It states that an objection similar to the one made here, that the report would cause the jury to give undue weight to the witness' testimony with which no quarrel was made, was "no more than a general one, such as that evidence is prejudicial or inflammatory, and it shows no error." *Craig* at 691.

7. The jury was originally charged that the State had to prove defendant operated a vehicle "while having a concentration in his blood of .32 grams percent. . . ." The State requested that the jury be recharged in the language of the statute, i.e., .12 percent or more, as referenced on the citation. Defendant objected on the ground that the citation "charges .32" and the State had to prove it if they charged it.

The citation, quoted in Division 1, does not include the test results as part of the charging portion. The results were added to the citation after the charge was made and defendant was arrested and tested. Such recordation is required by Rule 92-3-.06 (11) and is part of the administrative process. *Thompson,* supra at 647 (2) (c).

Secondly, the recharge did not harm defendant, because the State's evidence either proved .32 or it proved nothing. There was no contrary evidence.

Finally, even if the accusation and proof differed in this respect, it would not be fatal. *Dobbs v. State,* 235 Ga. 800, 801 (3) (221 SE2d 576) (1976); *DePalma v. State,* 225 Ga. 465 (3) (169 SE2d 801) (1969); *Hancock v. State,* 188 Ga. App. 870, 871 (374 SE2d 757) (1988); *Clark v. State,* 178 Ga. App. 47 (341 SE2d 909) (1986).

8. Defendant demands a mistrial because defendant was tried by an assistant solicitor not properly sworn at the time of the trial.

There was no such motion. The ground was improperly presented in a Motion for Arrest of Judgment. OCGA §§ 17-9-61; 17-9-63; 17-7-113.

The allegation was made in the motion for new trial, which was denied and of which there is no transcript. Factual statements made in defendant's brief concerning this issue will not be considered. *McKinney v. State,* 192 Ga. App. 6, 7 (2) (383 SE2d 608) (1989). There being an insufficient record concerning this issue, it must be assumed that the trial court properly denied the motion.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED APRIL 13, 1990 —
REHEARING DENIED APRIL 24, 1990 —

*Virgil L. Brown & Associates, Virgil L. Brown, Lindsey & Jacobs, Tamara Jacobs,* for appellant.

*John T. Newton, Jr., Solicitor, Griffin E. Howell III, Assistant*