## A90A0156. MARTIN v. THE STATE.
(394 SE2d 551)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of speeding and driving under the influence in violation of OCGA § 40-6-391 (a) (4). He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. "Defense counsel has concluded his arguments as to each enumeration of error by stating the trial court's action violated defendant's rights under certain designated sections of the United States and Georgia Constitutions. It behooves counsel appearing before this court to recognize that rote repetition of constitutional provisions is totally ineffective in raising a constitutional issue for this court's determination. [Cits.] A constitutional issue cannot be considered when asserted for the first time on appeal but must be clearly raised in the

trial court and distinctly ruled upon there. [Cit.] Contentions regarding a constitutional issue which were not made below are thus not passed upon here." *Harbin v. State,* 193 Ga. App. 248-49 (1) (387 SE2d 367) (1989).

2. The trial court's denial of appellant's motion to quash the accusation is enumerated as error.

The traffic citations were sufficient to inform appellant of the charges against him, even though they merely referred to the applicable statutes by number. "[T]he accusation[s] in effect incorporated the terms of the applicable code section[s] that [appellant] was charged with having violated. [Appellant] could *not* admit the allegation[s] that his acts were 'in violation of [the specified code sections],' and yet not be guilty of the offense[s] of [speeding and driving under the influence]. [Cit.]" (Emphasis in original.) *State v. Howell,* 194 Ga. App. 594, 595 (391 SE2d 415) (1990). "Every accusation which states the offense in the terms and language of the law or so plainly that the nature of the offense charged may be easily understood by the jury shall be deemed sufficiently technical and correct." OCGA § 17-7-71 (c). This statute "and the standards of due process, govern the requirements of the [accusation] . . . , and these requirements were satisfied in the accusations in question." *State v. Military Circle &c. No. 94,* 257 Ga. 388, 390 (360 SE2d 248) (1987).

Appellant's further contention that the accusation failed to charge him with the crime of driving under the influence is without merit. "[T]he intent of the legislature in amending OCGA § 40-6-391 was clearly not the repeal of criminal sanctions for driving under the influence of alcohol. Appellant['s] defense based thereon was properly rejected by the trial court." *Proo v. State,* 192 Ga. App. 169, 170 (384 SE2d 197) (1989).

3. Seeking to exclude the results of his intoximeter test, appellant filed a motion to suppress and motion in limine. The failure of the trial court to hold a hearing on this motion is enumerated as error.

"Appellant was clearly not entitled to a pre-trial hearing on such grounds of his motion as had alleged the State's non-compliance with either OCGA § 40-6-392 or administrative regulations concerning the administration of a blood test. Such grounds for holding evidence to be inadmissible may be raised only by way of a motion in limine. [Cit.] ' "The trial court has an absolute right to refuse to decide the admissibility of evidence, allegedly violative of some ordinary rule of evidence, prior to trial. [Cits.]" [Cit.]' [Cit.] At the trial itself, appellant did not renew his motion for an evidentiary hearing outside the presence of the jury on such grounds of his pre-trial motion as had alleged non-compliance with OCGA § 40-6-392 or the administrative regulations concerning the administration of a blood test. Accordingly, the trial court did not err in failing to hold such a hearing to

determine the admissibility of the evidence and testimony as against such contentions." *Sapp v. State,* 184 Ga. App. 527, 530 (6) (362 SE2d 406) (1987).

Likewise, appellant was not entitled to a pre-trial hearing pursuant to OCGA § 17-5-30. That statute " 'furnishes a procedural device for the protection of constitutional guarant[e]es against unreasonable search and seizure only.' [Cit.]" *State v. Johnston,* 249 Ga. 413 (1) (291 SE2d 543) (1982). The trial court correctly relied upon *Cadle v. State,* 131 Ga. App. 175 (205 SE2d 529) (1974) and concluded that appellant's "motion to suppress did not state facts showing that the search and seizure were illegal. Rather the motion contains only a series of conclusions unsupported by statements of fact. Accordingly, the motion did not meet the statutory requirements of OCGA § 17-5-30 (b), and the trial court did not err in its disposition of the motion. [Cits.]" *Boatright v. State,* 192 Ga. App. 112, 118 (8) (385 SE2d 298) (1989).

4. The *denial* of the motion to suppress and motion in limine is also separately enumerated as error. As discussed in Division 3, however, the trial court did not, and was not required to, rule on the merits of the motions before trial. Appellant never renewed the motions during trial. It follows that the motions were never denied and that this enumeration is without merit. See *Lightsey v. State,* 188 Ga. App. 801, 803 (2) (374 SE2d 335) (1988).

5. The trial court's refusal to require the State to produce a radio log and an intoximeter log pursuant to OCGA § 24-10-26 is enumerated as error.

OCGA § 24-10-26 applies only to material which is in the possession, custody or control of another party. The materials at issue here are not of the type reasonably expected to be found in the custody of the assistant solicitor who was preparing the case against appellant. The assistant solicitor stated that he did not possess the requested materials and appellant made no showing to the contrary. Accordingly, this enumeration is without merit. See *Ross v. State,* 192 Ga. App. 850 (2) (386 SE2d 721) (1989); *Calloway v. State,* 191 Ga. App. 383, 384 (2) (381 SE2d 598) (1989).

6. The trial court's imposition of limitations on the testimony of certain defense witnesses is enumerated as error.

A defense witness was not allowed to testify that, after ingesting acetone, an intoximeter test of his breath showed an alcohol concentration of 0.05 grams. It is clear, however, that this particular test "would not prove that the machine gave an inaccurate reading for [appellant] on [the date of his arrest], since the original test conditions . . . could not have been duplicated." *Kuptz v. State,* 179 Ga. App. 150, 152 (9) (345 SE2d 670) (1986). Not only was appellant not the subject of the excluded test, there was also no evidence that ap-

pellant had ingested acetone prior to his arrest.

The trial court refused to qualify a defense witness as an expert on the Intoximeter 3000. However the only proffer made by appellant was of testimony which the trial court excluded on grounds other than the witness' lack of qualification as an expert. The absence of any further proffer precludes appellate review of this enumeration. See *Bowman v. State*, 186 Ga. App. 544, 549 (6) (368 SE2d 143) (1988) rev'd on other grounds, 258 Ga. 829 (376 SE2d 187) (1989).

Insofar as appellant's remaining contentions are concerned, "[o]ur review of the record reveals no evidence of the trial court's having discredited . . . appellant's primary defense." *Kuptz v. State*, supra at 152 (8).

7. On voir dire, appellant's counsel sought to ask the prospective jurors the following question: "If the Judge were to give you an instruction of law that disagrees with some teaching of the Bible, is there anybody that would follow the instruction of the law the Judge gave you and disregard what you believe to be in the Bible?" The trial court's refusal to permit the prospective jurors to answer this question is enumerated as error.

"While a party is entitled to ask whether or not a juror would be able to follow the court's instructions, the court need not allow questions which ask jurors to weigh the relative merits of various laws. [Cit.]" *Williams v. State*, 249 Ga. 6, 7 (1) (287 SE2d 31) (1982). Moreover, the question constituted a mere general, hypothetical inquiry and was not otherwise phrased or designed so as to elicit or reveal any actual bias or prejudice against appellant or any interest in the cause. See generally *Ponder v. State*, 194 Ga. App. 446 (4) (390 SE2d 869) (1990); *Watkins v. State*, 191 Ga. App. 87, 90 (5) (381 SE2d 45) (1989). It follows that the trial court did not abuse its discretion in refusing to permit the prospective jurors to answer this question.

8. The trial court's denial of appellant's motion to disqualify the assistant solicitor is enumerated as error.

Appellant's contention that the assistant solicitor was subject to disqualification because he had not taken the oath of office "is refuted by [OCGA § 45-3-10] which provides 'the official acts of an officer [shall be valid regardless of] his omission to take and file the oath, except in cases [where so specially] declared.'" *Little v. State*, 157 Ga. App. 462, 463 (2) (278 SE2d 17) (1981). Furthermore, "[i]t not appearing how this prejudiced the defendant, the failure of the court to require [the assistant solicitor] to be specifically sworn was not reversible error. [Cits.]" *Mach v. State*, 109 Ga. App. 154, 158 (1b) (135 SE2d 467) (1964).

Appellant's remaining contentions regarding the purported disqualification of the assistant solicitor were not timely made. "Due dil-

igence would have required that inquiry be made at the time of the trial as to [the lack of local law authorization, the failure to post a bond, and] the source of employment and compensation of the [assistant solicitor] if the defendant desired to make an issue on this question. [']Mere irregularities in the conduct of a trial, not vitally affecting the merits of the case or the rights of the parties, will be held to have been waived if no objection was made to them at the time.' [Cit.]" *Howington v. State,* 84 Ga. App. 324, 328 (3) (66 SE2d 175) (1951). See also *Bowen v. State,* 144 Ga. App. 329, 334 (241 SE2d 431) (1977) (motion in arrest of judgment, due to the purported disqualification of a *juror,* must fail).

*Judgments affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED APRIL 23, 1990 —
REHEARING DENIED MAY 9, 1990 — ▮▮▮▮▮▮▮▮

*Virgil L. Brown & Associates, Virgil L. Brown,* for appellant.
*John T. Newton, Jr., Solicitor, Griffin E. Howell III, Assistant Solicitor,* for appellee.