A90A0179. STANLEY v. THE STATE.
(394 SE2d 785)

CARLEY, Chief Judge.

Appellant was tried before a jury on an accusation charging him with driving under the influence in violation of OCGA § 40-6-391 (a) (4). He was found guilty and appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict of guilt.

1. The trial court's denial of appellant's motion to quash the accusation is enumerated as error.

For the most part, appellant's motion raised grounds which have previously been addressed and found to be meritless. See *Proo v. State*, 192 Ga. App. 169 (384 SE2d 197) (1989); *Manley v. State*, 187

Ga. App. 773, 774 (2) (371 SE2d 438) (1988). Insofar as the remaining grounds of appellant's motion are concerned, they have been considered and are found to be equally without merit.

2. In one of his enumerations of error, appellant asserts that his "plea in bar should have been granted." The arguments contained in his brief, however, do not address the merits of the denial of his plea in bar, but the entirely different issue of whether the trial court erred in refusing to allow an immediate direct appeal to be taken from that ruling. Thus, the error that is actually enumerated is not supported by argument and the argument that is actually advanced is not predicated upon any enumeration of error. Under these circumstances, nothing is presented for appellate review.

3. In another of his enumerations of error, appellant asserts that he "should have been granted a hearing on his motion to suppress the intoximeter results."

Appellant was not entitled to a pre-trial hearing pursuant to OCGA § 17-5-30 because his motion did not raise any grounds involving " 'constitutional guarant(e)es against unreasonable search and seizure.' [Cit.]" *State v. Johnston*, 249 Ga. 413, 414 (3) (291 SE2d 543) (1982). Insofar as appellant's motion can be construed as a motion in limine seeking to exclude the intoximeter test results on non-constitutional grounds, the record shows that a pre-trial hearing was held and that the motion was denied. Accordingly, this enumeration of error is without merit because the trial court, in the exercise of its discretion, *did* afford appellant a pre-trial hearing on the admissibility of the evidence. See *State v. Johnston*, supra at 414 (3). The issue of whether the motion in limine was or was not properly denied cannot be reached because that ruling is not otherwise enumerated as error.

4. The trial court did not err in refusing to order compliance with appellant's notice to produce items which were not shown to be in the possession of the State. *Ross v. State*, 192 Ga. App. 850 (2) (386 SE2d 721) (1989).

5. Appellant filed a pre-trial motion to exclude any statements that had been made by him to the police prior to receiving the *Miranda* warnings. At the outset of the trial, appellant renewed his motion and also requested a *Jackson v. Denno* hearing. The trial court did not merely defer holding such a hearing until a later stage of the trial, but ruled that such a hearing would not be held. The trial court's refusal to conduct a *Jackson v. Denno* hearing is enumerated as error.

Even assuming that the trial court did err, that error was nevertheless harmless. The only inculpatory statements attributed to appellant that were ever introduced into evidence were statements that were made by him in response to routine roadside questioning prior

to his arrest. Such roadside questioning does not constitute a custodial setting so as to trigger the applicability of *Miranda. Lebrun v. State*, 255 Ga. 406, 407 (3) (339 SE2d 227) (1986). Since no "fair question" as to the voluntariness of appellant's statements was presented, the trial court did not commit reversible error in failing to conduct a *Jackson v. Denno* hearing. *Craver v. State*, 246 Ga. 467, 468 (1) (271 SE2d 862) (1980).

6. The trial court did not err in refusing to permit appellant's expert to examine the intoximeter machine that had been used to determine appellant's blood-alcohol level. *Blanos v. State*, 192 Ga. App. 835 (1) (386 SE2d 714) (1989). Likewise, the trial court did not err in excluding testimony regarding the results of a breath test conducted by appellant's expert under conditions markedly different from those which were present at the time that appellant's breath was tested. *Blanos v. State*, supra at 835-836 (1); *Kuptz v. State*, 179 Ga. App. 150, 152 (9) (345 SE2d 670) (1986).

7. The evidence was more than sufficient to authorize a finding of appellant's guilt under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) and the trial court did not, therefore, err in denying appellant's motion for a directed verdict of acquittal.

8. In explaining its ruling as to the admissibility of certain testimony, the trial court did not make an improper comment on the evidence. *Pratt v. State*, 167 Ga. App. 819, 821 (2) (307 SE2d 714) (1983).

9. The trial court did, however, err in denying appellant's counsel the right to opening and closing argument. The only evidence proffered by appellant was excluded by the trial court and, therefore, appellant's right to opening and closing argument had not been waived. *Hubbard v. State*, 167 Ga. App. 32, 34 (7) (305 SE2d 849) (1983). "The question remains, however, whether the error was harmless. The right to make the final argument to the jury is an important right and harm to the defendant is presumed on appeal when the right is erroneously denied. [Cit.] However, the presumption is not absolute and the error may be shown to be harmless." *McDuffie v. Jones*, 248 Ga. 544, 547 (2) (283 SE2d 601) (1981).

Because appellant was on trial for violating OCGA § 40-6-391 (a) (4), there was no jury issue presented as to whether he was under the influence of alcohol to the extent that it was less safe for him to drive. The only jury issue was whether appellant drove while having a blood-alcohol content of 0.12 or greater. The results of appellant's intoximeter test showed a blood-alcohol level of 0.17 and there was also evidence that, in routine roadside questioning, appellant admitted that he had been drinking earlier that evening. "We are of [the] opinion that the verdict was demanded by the evidence, and that another

hearing, *if the law be regarded*, would result in the same way. . . ." (Emphasis supplied.) *Seyden v. State*, 78 Ga. 105, 110 (4) (1886). "Of course, a verdict is never demanded in a criminal case in the sense that the court may direct a guilty verdict. However, where, as here, the defendant makes no statement denying his guilt, and the *evidence* authorizes only a guilty verdict, such verdict is demanded in the sense that errors occurring on the trial may be harmless." (Emphasis in original.) *Poole v. State*, 100 Ga. App. 380, 385 (2) (111 SE2d 165) (1959). Even if appellant's counsel had been afforded the right to opening and closing argument, he nevertheless would not have been entitled to argue to the jury that it would be authorized to *disregard* the law applicable to the unrebutted evidence of appellant's guilt. " '(T)he undisputed power of the jury to acquit, even if its verdict is contrary to the law as given by the judge and contrary to the evidence(,) . . . is a power that must exist as long as we adhere to the general verdict in criminal cases. . . .' [Cit.] However, that 'is not to say that the jury should be encouraged in their "lawlessness." ' [Cit.]" *Felker v. State*, 252 Ga. 351, 378 (13b) (314 SE2d 621) (1984). Appellant "was not denied the right to argue his case to the jury. . . . He was merely prohibited from making the closing argument. . . . In view of the evidence against [appellant], it is highly probable, if not a certainty, that the error did not contribute to the conviction. [Cit.] Thus, a new trial is not required by the trial court's harmless error." *McDuffie v. Jones*, supra at 548 (2).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED MAY 2, 1990 —
REHEARING DENIED MAY 22, 1990 —

*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams III*, for appellant.

*John T. Newton, Jr., Solicitor, Griffin E. Howell III, Assistant Solicitor*, for appellee.