A90A0699, A90A0700. DIXON v. THE STATE.
A90A0701, A90A0702. RAMSEY v. THE STATE.
A90A0703, A90A0704. POWELL v. THE STATE.
A90A0705. BRYANT v. THE STATE.
(395 SE2d 577)

BEASLEY, Judge.
These seven appeals involve four defendants: Dixon and Ramsey were convicted of driving under the influence of alcohol to the extent that it was less safe to drive, OCGA § 40-6-391 (a) (1). Powell was convicted of driving under the influence of alcohol to the extent that it was less safe for him to drive and operating a vehicle with an alcohol concentration of 0.12 grams or more, OCGA § 40-6-391 (a) (1) and (4), and speeding, OCGA § 40-6-181 (b) (4). Bryant was convicted of operating a vehicle with an alcohol concentration of 0.12 grams or more, OCGA § 40-6-391 (a) (4).

Their appeals were combined because of the many similar issues raised in their separate enumerations of error. The common ones generally will be considered first, followed by those urged by only one defendant.

1. In *Harbin v. State,* 193 Ga. App. 248 (1) (387 SE2d 367) (1989); *Walters v. State,* 195 Ga. App. 434 (394 SE2d 105) (1990), and *Martin v. State,* 195 Ga. App. 548 (___ SE2d ___) (1990), among others, counsel for defendant was admonished that mere rote recita-

tion of constitutional provisions did not raise constitutional issues. Nevertheless, this empty and useless practice was continued in these appeals and precludes our reaching what may or may not be valid grounds.

2. (a) Dixon, Ramsey and Powell assert error on the denial of their motions to quash the accusations. The reasons assigned for reversal are that the accusations refer to non-existent affidavits and contain language which presupposes their guilt, and that OCGA § 40-6-391 as amended in 1988 charges no crime.

We have previously addressed defendants' contentions in *Walters*, supra at (1); *Martin*, supra at (2); and *Stanley v. State*, 195 Ga. App. 706 (1) (394 SE2d 785) (1990), and found them to be without merit. See *Shults v. State*, 195 Ga. App. 525, 526 (1) (394 SE2d 573) (1990); *Burks v. State*, 195 Ga. App. 516 (1a) (1c), 517 (1d) (394 SE2d 136) (1990); *Proo v. State*, 192 Ga. App. 169 (384 SE2d 197) (1989); *Manley v. State*, 187 Ga. App. 773, 774 (2) (371 SE2d 438) (1988).

(b) Powell's additional ground for sustaining his motion to quash is that counts one and two were in accusation form and count three merely referred to the attached traffic citation, thus imperfect in form and substance. His authority, *Harris v. State*, 37 Ga. App. 113 (138 SE 922) (1927), does not support his argument. The essential elements of the offenses with which he was charged are set forth with sufficient particularity. OCGA § 17-7-71 (c); *Burks*, supra at (1c). Nothing forbids the State from utilizing two separate methods to allege different crimes arising from the same conduct in separate counts of an accusation. OCGA §§ 17-7-71 and 40-13-1. See *Burks*, supra at (1b); *State v. Doyal*, 184 Ga. App. 126 (361 SE2d 17) (1987).

3. All four defendants enumerate error on the failure of the court to require the State to produce documents pursuant to their motions. The materials sought under OCGA § 24-10-26 were not of the type reasonably expected to be found in the custody of the solicitor preparing the case. In each instance compliance with defendant's motion was not mandated because the solicitor was not required to obtain the documents sought in order to satisfy the demand. *Shults*, supra at (2); *Walters*, supra at (3); *Martin*, supra at (5); *Stanley*, supra at (4); *Calloway v. State*, 191 Ga. App. 383, 384 (2) (381 SE2d 598) (1989).

4. (a) Dixon enumerates as error the evidentiary admission of his refusal to take an intoximeter test. OCGA § 40-6-392 (c) specifically permits it. *Shults*, supra at (3). Dixon contends that the trial court's previous rulings in other cases had a "chilling effect" on his ability to question the validity of the tests and that there was failure to hear evidence or argument on the issue.

There is no merit to the "chilling effect" argument which was raised in the brief in *Stanley*, supra at (3), but not expressly passed upon. Dixon never developed the issue in the lower court. As to the

failure to hear argument or evidence, the trial court denied defendant's summary presentation of the motion and no request for argument or hearing was made. Defendant did seek to call witnesses on his motion to examine and test the intoximeter, but that issue was not enumerated as error. See *Stanley*, supra at (2); *MacDonald v. MacDonald*, 156 Ga. App. 565, 566 (1a) (275 SE2d 142) (1980).

(b) The failure to suppress the results of intoximeter tests is enumerated as error by Ramsey and Powell. Both urge the intoximeter was not properly approved by the Division of Forensic Sciences of the GBI. Similar arguments were found wanting in *Walters*, supra at (4a). See *Burks*, supra at (2a); *Turrentine v. State*, 176 Ga. App. 145 (335 SE2d 630) (1985).

Ramsey, like Dixon, failed to invoke his "chilling effect" proposition in the trial court.

(c) Powell's separate contentions are 1) that the intoximeter test was inadequate, unjust and fundamentally unfair, and 2) that his stop violated the tenets of *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968).

The first ground goes to the weight, and not the admissibility, of the test results. *Burks*, supra at (2b). Insofar as it implicates the trial court's limiting the use of defense witnesses to discredit the intoximeter, this ground will be covered in the following division of the opinion.

As to the second, no violations of *Terry* appear. Defendant was driving 72 mph in a 55 mph zone. When stopped his speech was slurred, he had an odor of alcohol on his breath and he had problems speaking.

5. Dixon, Powell and Bryant contend the trial court erred by limiting the testimony of their respective expert witnesses. This ground has been rejected by our rulings in *Walters*, supra at (4b); *Martin*, supra at (6); and *Stanley*, supra at (6). See *Burks*, supra at (4); *Kuptz v. State*, 179 Ga. App. 150, 152 (9) (345 SE2d 670) (1986). No abuse of discretion was shown.

6. Dixon, Ramsey and Powell assign error on the denial of their pleas in bar predicated on the failure to try them within two terms after demand as required by OCGA § 17-7-170, and the refusal to allow them to immediately appeal.

The trial court found their respective pleas had been withdrawn during the first term at which demands had been made. The record supports this finding. Even if this were not true, defendants made demand during the March Term 1988 and were tried during the following term in May. OCGA § 15-7-40. Ga. L. 1897, pp. 462, 466, § 17; as amended Ga. L. 1978, pp. 3441, 3442, § 1, and Ga. L. 1980, pp. 3048, 3049, § 1; *Dover v. Dover*, 205 Ga. 241 (2) (53 SE2d 492) (1949).

The pleas in bar having been correctly denied, no harm accrued

to defendants from the denial of their direct appeal. Moreover, a frivolous plea does not divest the trial court of jurisdiction. *Rielli v. Oliver*, 170 Ga. App. 699 (318 SE2d 173) (1984).

7. Dixon sought a mistrial because the trial court characterized the evidence illegally. Although the code section is not cited, we assume defendant contends there was a violation of OCGA § 17-8-57. In response to inquiry by the jury as to the type of alcohol test involved, and after discussion with counsel, the trial court stated, inter alia: "But the State, of course, has designated this breath test as the one that they insist, and as I remember the testimony, he referred to a breath test in the testimony." Defendant moved for a mistrial based on the court commenting on the evidence as to what had been proved and what had not been proved. The motion was overruled.

The code prohibits an expression or intimation of opinion "as to what has or has not been proved or as to the guilt of the accused." First, the code section is not violated by the remarks of the trial court when giving reasons for a ruling. *Johnson v. State*, 246 Ga. 126 (269 SE2d 18) (1980). Second, an expression of opinion as to an uncontested and undisputed fact is not cause for reversal. *Abbott v. State*, 91 Ga. App. 380 (3) (85 SE2d 615) (1955). The trial court merely explained the basis for its answer to the jury and defendant has never disputed the accuracy of the trial court's statement. No error appears.

8. (a) Ramsey contends that the trial court should have suppressed the statement he made at the time of his arrest on the ground that *Miranda* warnings were not given.

The statement was an affirmative response as to whether he had been drinking, asked by a patrolman during a routine roadside inquiry. This does not constitute a custodial setting so as to trigger *Miranda*. *Stanley*, supra at (5); *Lebrun v. State*, 255 Ga. 406, 407 (3) (339 SE2d 227) (1986); *Wilson v. State*, 173 Ga. App. 805, 806 (1) (328 SE2d 418) (1985).

(b) Ramsey enumerates as error the trial court's denial of his motion for a directed verdict.

Construed in favor of the verdict, the evidence was sufficient for a rational trier of fact to determine that defendant was a less safe driver and guilty beyond a reasonable doubt. *Lee v. State*, 188 Ga. App. 406 (2) (373 SE2d 28) (1988).

9. Powell contends the prosecuting attorney should not have been allowed oral argument because defendant did not argue. The prosecuting attorney announced he would waive opening argument and reserved the right to close. Defense counsel then waived his argument and contended that since the prosecutor had nothing to rebut he could not argue. The trial court disagreed and both sides argued, defense counsel over protest.

In *Porter v. State*, 6 Ga. App. 770 (65 SE 814) (1909), defendant

had the right to open and conclude and chose to make only a partial presentation with the opening. The solicitor did not argue and the trial court denied defendant's right to conclude. This court reversed. See *Cartright v. Clopton*, 25 Ga. 85 (1857). *Bradham v. State*, 243 Ga. 638, 639 (2) (256 SE2d 331) (1979), held that a party with the opening and concluding argument may waive the opening and "make a full presentation regarding the legal and factual facets of his case to the jury following the final argument of the adverse party." The prosecutor was not confined to mere rebuttal in his concluding argument, and waiver of argument by defendant would not prevent the solicitor from arguing.

10. Bryant asserts three grounds of error not shared with the other defendants.

(a) He contends the accusation was insufficient because it only listed the code section. *Martin*, supra at (2), held this not to be a barrier.

(b) He contends the trial court improperly questioned the State's witness, violating OCGA § 17-8-57. The trial court inquired of the State's witness who operated the intoximeter about inspection and calibration of the machine and the number of tests the operator had performed. Defendant objected on the ground that the court was endeavoring "to make out the State's case for him."

"Though a judge is prohibited from expressing or intimating his opinion as to what has or has not been proved, the trial judge does have the right to propound a question or a series of questions to any witness for the purpose of developing fully the truth of the case. The extent to which the examination conducted by the court shall go is a matter within the court's discretion." *Eubanks v. State*, 240 Ga. 544, 546 (2) (242 SE2d 41) (1978). See *Wilson v. State*, 229 Ga. 224 (2) (190 SE2d 78) (1972). There were no expressions or intimations of opinion regarding the evidence in the questions. They were addressed to relevant issues with a view of assisting the jury to ascertain the truth. *Parrish v. State*, 182 Ga. App. 247, 249 (4) (355 SE2d 682) (1987).

(c) Bryant contends that a directed verdict was demanded because he was never identified as the culprit and the State's witness was unfamiliar with the workings of the intoximeter.

These contentions are without merit. 1) Defendant was identified as the driver of the automobile which the deputies stopped. 2) An examiner need not have an expert's knowledge of the principles governing the functioning of the intoximeter. *Burks*, supra at (2a); *Dotson v. State*, 179 Ga. App. 233 (2) (345 SE2d 871) (1986).

Construed in favor of the verdict, a rational trier of fact could have found evidence of defendant's guilt beyond a reasonable doubt.

*Judgments affirmed. Deen, P. J., and Pope, J., concur.*

Decided June 1, 1990 —
Rehearing denied June 19, 1990 — Cert. applied for.

*Virgil L. Brown & Associates, Virgil L. Brown, Lindsey & Jacobs, Tamara Jacobs, Bentley C. Adams,* for appellants.

*John T. Newton, Jr., Solicitor, Griffin E. Howell III, Assistant Solicitor,* for appellee.