A92A2125. WILLIAMS v. THE STATE.
(430 SE2d 42)

BIRDSONG, Presiding Judge.

Margie Carter Williams appeals her convictions for driving under the influence of alcohol in violation of OCGA § 40-6-391 (a) (1) and carrying a concealed weapon, brass knuckles, in violation of OCGA § 16-11-126.

The transcript shows that after receiving a report that a woman was attempting to flag down cars on a county road, a city police officer visited the scene and found a car in the ditch with Williams slumped over the steering wheel. The officer testified he helped her out of the car and asked her to sit with him on the front seat of his patrol car, but did not place her under arrest. As far as he was concerned, she would have been free to leave if she had attempted to do so. Shortly thereafter, a deputy sheriff responded to the call and as-

sumed responsibility for the investigation. Because it was raining, he asked Williams to sit in the front of his patrol car with him. While in the patrol car, the deputy asked Williams about the accident, and upon smelling a strong odor of alcohol on her breath, asked her if she had consumed any alcohol. When she said she had drunk a six-pack of beer, the deputy placed her under arrest, advised her of her implied consent rights, and also warned her of her *Miranda* rights. She was then handcuffed, placed in the rear seat of the patrol car, and transported to the sheriff's office. At the sheriff's office, she was given a blood-alcohol breath test on an Intoximeter 3000, and she tested .24. While at the sheriff's office, a set of brass knuckles was found in Williams' purse.

Williams contends the trial court abused its discretion by not conducting hearings on her motions out of the presence of the jury, erred by admitting in evidence her out-of-court statements, erred by refusing to suppress the brass knuckles and admitting the results of her blood-alcohol test, and also erred by failing to grant a mistrial. *Held*:

1. Williams' first enumeration of error contends the trial court erred and abused its discretion by denying her request for a hearing out of the presence of the jury on her motion to suppress and motion in limine. Review of the transcript shows that Williams sought the hearing to consider her motion to suppress and motion in limine concerning the results of her blood-alcohol test.

Williams was not entitled to a pretrial hearing on her motion to suppress the results of the blood-alcohol test. The results of blood-alcohol tests are challenged through motions in limine (*State v. Johnston*, 249 Ga. 413 (291 SE2d 543)), and trial courts have the right to refuse to rule on the admissibility of such evidence prior to trial. *Stanley v. State*, 195 Ga. App. 706, 707 (394 SE2d 785); *Smith v. State*, 195 Ga. App. 669 (394 SE2d 558); *Martin v. State*, 195 Ga. App. 548, 549 (394 SE2d 551). Additionally, as no written motion to suppress the brass knuckles was filed, Williams is not entitled to rely upon OCGA § 17-5-30 (b) for the proposition that she was entitled to a pretrial hearing. Therefore, this enumeration of error is without merit.

Williams' argument also raises issues concerning the failure to hold a *Jackson-Denno* hearing and certain remarks by the trial judge allegedly in violation of OCGA § 17-8-57. These issues, however, were not asserted in an enumeration of error, and are not properly before us. Enumerations of error cannot be enlarged to include other issues not asserted (*Hurston v. Ga. Farm Bureau &c. Co.*, 148 Ga. App. 324, 326 (250 SE2d 886)), and appellate review cannot be enlarged or transformed through switching, shifting, or mending one's hold. *Ailion v. Wade*, 190 Ga. App. 151, 155 (378 SE2d 507); *Redwing Carri-*

*ers v. Knight*, 143 Ga. App. 668, 674 (239 SE2d 686). Therefore, these additional issues cannot be considered. *Sanders v. Hughes*, 183 Ga. App. 601, 604 (359 SE2d 396).

In addition, Williams has not complied with Court of Appeals Rule 15 (a) (1) and (3) requiring statements setting forth the method by which the enumerations of error were preserved and concise statements of the applicable standard of review for each issue presented. Although we have reviewed the likely place in the record for Williams' objections, it is not our responsibility to cull the record on her behalf. *Manderson & Assoc. v. Gore*, 193 Ga. App. 723, 733 (389 SE2d 251).

2. Williams' second enumeration contends the trial court erred by admitting her statements to the deputy because she contends that at the time of these statements she was in custody and had not been warned of her *Miranda* rights. She also contends these statements were inadmissible because they were not provided to her prior to trial.

Review of the record shows the trial court found that at the time Williams made these statements she was not in custody. This finding is supported by uncontradicted testimony of the police officer and deputy sheriff that Williams was not taken into custody until after she made these statements. See *Hughes v. State*, 259 Ga. 227 (378 SE2d 853). Therefore, since the *Miranda* warning requirements are applicable only to statements made while in police custody and since OCGA § 17-7-210 also is only applicable to custodial statements (*Stanley v. State*, supra at 708), the trial court did not err by admitting these statements. See *Brown v. State* 259 Ga. 453, 454 (383 SE2d 882).

3. Williams alleges that the trial court erred by refusing to suppress brass knuckles that were found in her purse because they were the result of an illegal warrantless search. The record shows, however, that Williams' motion did not satisfy the requirements of OCGA § 17-5-30 because she did not file a written motion to suppress stating facts showing that the search and seizure were unlawful. Therefore, since Williams did not comply with OCGA § 17-5-30, the trial court did not err by refusing to grant her oral motion to suppress. See *Boatright v. State*, 192 Ga. App. 112, 117-118 (385 SE2d 298). Moreover, the record fully supports the trial court's conclusion that the brass knuckles were seized properly during an inventory of Williams' purse at the police station. *Martin v. State*, 201 Ga. App. 716, 717-718 (411 SE2d 910). Although the sheriff's department apparently does not have a policy concerning inventories of personal property in these circumstances, that is not determinative. Id. The deputy testified that because Williams' car was being impounded, his purposes were to inventory and prepare a record of the contents of the purse as well as to check for contraband. Additionally, since the deputy who seized the brass knuckles testified and identified the brass knuckles as the one

seized, Williams' contention that there was no proper chain of custody is without merit. Moreover, a chain of custody is not required when the evidence sought to be introduced is a distinct physical object recognizable by observation. *Green v. State*, 242 Ga. 261, 267 (249 SE2d 1); *Brown v. State*, 195 Ga. App. 389 (393 SE2d 514). Accordingly, there was no error.

4. Williams contends the trial court erred by admitting the results of her blood-alcohol test because the prosecution failed to lay a proper foundation for admission of the test. The transcript shows that after the police officer testified, without objection, that the results of the test showed Williams had a .24 blood-alcohol level, Williams objected to the admission of the written record of the test score because the State had not established a chain of custody and because no foundation had been established that the Intoximeter 3000 was operating properly to exclude other blood and breath gases.

The record does not support Williams' arguments. The deputy sheriff and the police officer both testified that each advised Williams of her implied consent rights, and the police officer specifically testified that he advised her of her right to an independent blood test and that he had properly pre-tested the Intoximeter 3000. Moreover, Williams' arguments concerning the operation of the Intoximeter 3000 were rejected by our Supreme Court in *Lattarulo v. State*, 261 Ga. 124, 126-127 (401 SE2d 516).

5. Williams' final enumeration contends the trial court erred by denying her motion for a mistrial after the prosecution allegedly placed her character in issue improperly. The factual basis for this enumeration occurred after the jury had returned its verdict convicting Williams of the two offenses. Therefore, Williams could not have been prejudiced, and any error resulting from this procedure was clearly harmless beyond a reasonable doubt. *Johnson v. State*, 238 Ga. 59, 60 (230 SE2d 869); *Palmer v. State*, 186 Ga. App. 892, 897 (369 SE2d 38). Accordingly, this enumeration of error is also without merit.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED MARCH 3, 1993 —
RECONSIDERATION DENIED MARCH 24, 1993 ▮

*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams III, Patricia A. Buttaro,* for appellant.

*W. Fletcher Sams, District Attorney, Randall K. Coggin, Assistant District Attorney,* for appellee.